WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SUR-ROGATE.—May, 1882.

## HALL V. TRYON.

*In the matter of the judicial settlement of the account of* WASHINGTON A. HALL *and others, executors of and trustees under the last will of* SAMUEL TRYON, *deceased..*

There is no mode of computing executors' commissions, other than that pointed out by the statute; which provides a compensation based upon *sums of money received and paid out.*

No compensation can be allowed to executors for receiving or delivering a specific legacy.

Testator left a personal estate including certain corporate bonds, which he bequeathed to his executors in trust, to collect and pay the income to certain life-beneficiaries, at whose death the executors were directed to divide and deliver the said bonds and accrued income among and to

certain persons named. The executors were also given a discretionary power to sell any of the bonds. On an accounting, during the lifetime of the life-beneficiaries, none of the bonds having been sold, the executors asked half-commissions on the value of the bonds, as constituting a sum of money received by them.—

*Held*, that the bonds, in respect to the principal thereof, were specific legacies, and that no commissions were allowable on their value.

THE testator left a personal estate inventoried at about $290,000. Among his assets were bonds of various corporations, of the par value of $75,000, which were disposed of as follows: Fifty bonds of $1,000 each were bequeathed to his executors in trust, to collect and pay the income to his wife during her life, and, at her death, "to divide the said bonds" and the accrued income among persons designated in the will. The remaining $25,000 in bonds was given to the executors in like manner, and they were directed to pay the interest and income thereof to other life-beneficiaries, and, at their deaths, to divide and deliver the said bonds and accrued income among and to certain other persons designated in the will. The executors were, by the will, clothed with power, in their discretion, to sell any of the bonds.

These bonds, however, remaining unsold, and the persons having the life-interest being still living, the executors, on their accounting, claimed commissions on the amount and value of these bonds, the value stated in the inventory being $92,500. This claim was resisted.

CHARLES H. BAILEY, *for executors.*

NELSON TAYLOR, *for John Tryon and others, legatees.*

THE SURROGATE.—Our statute provides a compensation

for executors based upon *sums of money received and paid out.* I know of no mode of computing commissions, other than is thus furnished by the statute. It is true that, where executors receive bonds and mortgages, or other securities belonging to the testator, and deliver them, in payment of general legacies, to legatees who receive them as cash, they will be entitled to commissions thereon, because the legatees chose to treat them as so much money, and to receive them as such. Nor can I perceive how the fact that the interest on these bonds is intercepted for certain lives, before they are to be delivered, to those entitled to them in remainder, in specie, can in any manner affect the question. Had any of the bonds been sold, the question would have been very different, but they have not.

As the matter now stands, the executors cannot claim, in so far as the bonds are concerned, that they constitute *a sum of money* received by them, on which they are entitled to half-commissions. It is abundantly settled that executors are entitled to no compensation for receiving and delivering specific legacies. If none of the bonds should be sold, and they should ultimately be delivered to those designated by the will to receive them, they will be so delivered *as bonds,* and not as money. At that time, they may be worth more than the value placed upon them in the inventory, and they may be worthless. However that may be, at this stage of the administration of the estate, I am of opinion that no commissions should be allowed, either on the face, or on the estimated, value of the bonds. There is no question but that they are entitled to commissions on the interest or income derived from them, which has been received and paid over.

The sole question about which there has been any contest is that relating to the commissions. This I regard as such a contest as will warrant the court, in its discretion, under section 2561, to allow the larger sum fixed as costs. It, therefore, seems that the contestants, having succeeded, are entitled to costs out of the estate, to be taxed; while the executors are entitled to an allowance under section 2562. These costs and allowances will be taxed in the usual manner.

Decreed accordingly.