NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—February, 1887.

## MATTER OF KNITTEL.

*In the matter of the estate of* ANTOINETTE KNITTEL,
*deceased.*

Code Civ. Pro., §§ 2706–2714 were designed to afford a simple and summary
procedure whereby an executor or administrator might secure the sur-
render of *property, belonging to his decedent's estate,* discovered to be
in the hands or under the control of one not lawfully entitled to the
possession.

Those sections do not authorize the examination of a debtor of a decedent,
merely for the purpose of ascertaining the nature and extent of the
debtor's liabilities to the estate.

Hence, where an administratrix caused the president of a savings bank, in
which a deposit had been made in trust for her decedent during her
life time, to be cited to attend in court, and asked that he be exam-
ined, in order that petitioner might be fully advised as to said moneys
and the detention thereof, and in order that she might obtain payment
of the same,—

*Held,* that money so deposited became at once the *property of the depos-
itary ;* and that the proceedings for examination should be dismissed.

SPECIAL proceeding instituted for the discovery of
assets of decedent's estate.

JOHN McCRONE, *for administratrix.*

NORWOOD & COGGESHALL, *for bank.*

THE SURROGATE.—In the lifetime of Antoinette
Knittel, this decedent, who died before she had at-
tained her majority, one Margaret Knittel, now de-
ceased, deposited in the Bowery Savings Bank, in
trust for Antoinette's benefit, a certain sum of money.
The administratrix of this estate has caused the presi-
dent of such savings bank to be cited before the Sur-

rogate, and now asks that such president be examined, in order that she, the petitioner, may be " fully advised as to said moneys and the detention by said bank of the same," and in order that she may obtain payment of the same. It is claimed by counsel for the bank that the petition shows on its face that the applicant is not entitled to the relief which she seeks, and that such petition should therefore be dismissed.

I have no doubt of the purpose which the legislature aimed to accomplish by the enactment of §§ 2796–2714 of the Code of Civil Procedure—the provisions of law here invoked by the petitioner. Those sections were designed to afford a simple and summary procedure whereby the executor or administrator of a decedent might obtain an order for the surrender and delivery of such money or other property belonging to such decedent's estate as should be discovered to be in the hands or under the control of some person or persons not lawfully entitled to the possession thereof.

The sections of title 4 of chapter 18, which precede § 2712, merely point out the course which must be pursued by the representative of a decedent's estate in order to effect the result indicated in the last named section—i. e., the delivery of any money or property of such estate found to be withheld or concealed by one having no just title to its possession. Whenever, therefore, it is apparent at any stage of a proceeding based upon the sections referred to that such a result is in the nature of things unattainable, the proceeding should terminate.

Assuming the truth of the allegations of this peti-

tion, it is clear that no disclosures that might be made upon an examination of the person here cited would justify such an order as is contemplated by § 2712, for it is true, as counsel for the respondent contends, that the moneys which were deposited in the Bowery Savings Bank by Margaret Knittel became at once the property of the bank, and that by reason of such deposit a liability was created on the part of the bank to pay thereafter an amount equal to such deposit, together with interest thereon according to the terms of the contract under which such deposit was made (Whitlock v. Bowery Sav. Inst'n, 36 *Hun*, 460; Lund v. Seaman's Bank for Savings, 37 *Barb.*, 129; Peo. v. Mechanics & Traders' Sav. Inst'n, 92 *N. Y.*, 7).

While it must be assumed for the purposes of the respondent's motion to dismiss this proceeding, that the bank has never paid over or accounted for its indebtedness, it is nevertheless true that it has now in its hands no specific moneys whose delivery to the petitioner this court has authority to direct by virtue of § 2712.

The fact that the deposit in question was made, not to the credit of the depositor herself, but in trust for another person, and that person an infant, is a circumstance which does not, in my judgment, affect the matter here presented for determination.

A decision that the inquiry must proceed could only be justified upon the ground that the representative of an estate is accorded, by §§ 2706–2714, the right to examine a debtor of his decedent merely for the sake of ascertaining the nature and amount of

such debtor's liabilities to the estate.    This ground is untenable.    Proceedings dismissed, without costs to either party.