In the Matter of the Application of BACHE CUNARD, etc.

*Supreme Court, First Department, General Term, November 7, 1889.*

1. *Executors, etc. Discovery.*—The statutory proceedings, under sections 2706 to 2714 inclusive of the Code of Civil Procedure, must be dismissed upon the filing of a duly verified answer, setting up ownership, or possession by virtue of a lien or special property.
2. *Same.*—This proceeding is unnecessary in aid of a proper inventory, when the executor a long time before filed an inventory, in which was specifically included the very property sought to be discovered.
3. *Same.*—Where the party, who is alleged to withhold such assets, has, with the executor's consent and under an arrangement with him, converted the said property into cash and paid some portion of the proceeds to those entitled thereto, the proper remedy is by an action for an accounting.
4. *Same.*—The assets that may remain in his hands unaccounted for cannot be considered "money or other personal property" of decedent within the meaning of these sections of the Code.

Appeal from an order of the surrogate denying an application of the petitioner for the examination of Charles G. Francklyn, and dismissing the proceedings against him.

*William C. Beecher*, for appellant.

*John Notman*, for respondent.

BARRETT, J.—The petitioner entirely misconceives the purpose and scope of §§ 2706 to 2714 of the Code of Civil Procedure. These sections were not intended as a substitute for ordinary civil remedies in cases where the latter are alone appropriate. The object was to provide a summary means of discovery, and, in case of a mere naked possession of the decedent's "money or other personal property," to compel delivery to the legal representative. In the case of money,

it must be a specific sum tortiously withheld, not merely money due or belonging to the deceased in the sense of an indebtedness. Matter of Nay, 6 Dem. 346; Matter of Knittel, 5 Dem. 371. So as to the personal property in general. It must be some definite thing upon which the person proceeded against has no possessory claim, and which can be described in the decree. § 2712.

Thus, the executor or administrator is entitled, without delay, to make a full and complete inventory, to frustrate fraudulent concealment of the decedent's personalty, and to reduce the latter to executorial possession. In effecting this purpose, he has the efficient aid of the statute. Where, however, there has been neither concealment nor withholding, the executor should be remitted to his appropriate action.

Even where there *is* a withholding, the statutory proceeding must be dismissed upon the filing of a duly verified answer, setting up ownership, or possession by virtue of a lien or special property. § 2710.

In the case at bar, the statute has been resorted to without a shadow of necessity. The administrator's remedy, even upon the facts stated in his petition, is plainly an action for an accounting. Upon the entire case, however, as presented by the answer, and not in any way replied to or rebutted, the application is wholly without merit. It appears that the petitioner long since filed an inventory, which specifically included the very property now sought to be discovered. This proceeding was therefore unnecessary in aid of a proper inventory. It further appears that the petitioner left this very property in the respondent's hands under a special arrangement, fully authorizing its use, conversion and re-investment from time to time. It seems too that the securities in the respondent's hands, when Mr. Cunard died have long since been converted under this very arrangement; for it is alleged that in September, 1883, the respondent paid to the petitioner individually the sum of about $300,000

partly for himself and partly for a brother and sister of the deceased, as their proportion of the estate.

Now if the respondent has not fully accounted for his doings under the arrangement in question, the petitioner has doubtless his equitable remedy.

But it is idle to speak of the assets which may yet remain in his hands unaccountable for as " money or other personal property" of the decedent withheld from the administrator within the meaning and spirit of this act. The application was an attempt to use this summary procedure to effect an end entirely foreign to the purpose for which the statute was designed. It was properly denied, and the order appealed from should be affirmed, with costs.

VAN BRUNT, P. J., and DANIELS, J., concur.

NOTE ON "DISCOVERY IN SURROGATE'S COURT."

An answer in a proceeding under §§ 2706–2714 of the Code need not be in the strict form prescribed by § 2110 of the Code. Matter of Cunard, 24 N. Y. St. Rep. 319.

The assertion of a right of possession, with the right of disposition, and such disposition, constitute a sufficient answer. Id.

The object of the statute is a discovery of property for the purpose of inventory and appraisement. Id.

A proceeding under §§ 2706 to 2714 of Code, must be dismissed on filing an answer setting up ownership or lien. Matter of Cunard, 54 Hun, 637.

It is unnecessary, where an inventory including such property was previously filed. Id.

The appropriate remedy, in such case, is by action for an accounting. Id.

A failure to restore property of the decedent, under the respondent's control or which can be regained by him, will be considered withholding within § 2706 et seq. of the Code. Matter of Nickerson, 22 N. Y. St. Rep. 894.

The burden of showing that it is not under his control, is on him. Id.

As to what circumstances justify an imposition of costs on the respondent, see case last cited.

Where an executor was appointed on the discovery of a will after an administratrix had been appointed, and on the death of the administratrix, the property held by her as such came into the hands of her executor, who had incurred expenses in looking after it, and the first executor petitioned to compel a surrender of such property by the second executor who interposed

an answer showing such facts, it was held that the proceeding must be dismissed. Matter of McEvoy, 3 N. Y. Supp. 207. It is not the proper remedy in such case. Id.

In order to entitle the respondent to a dismissal of the proceedings for the discovery of assets, his answer must show, not only that he has possession of the specific property described in the petition, but is the owner of, or has a special interest in it. Matter of Hastings, 6 Dem. 423. An allegation in the answer that he has no books or papers or property of any kind, belonging to the decedent's estate, is not sufficient to dismiss the petitioner's proceedings. Id.

The surrogate under § 2710 of the Code, has no power to investigate the truth of the denial in the answer. Doyle v. Doyle, 48 Hun, 614.

Where the petition, in proceedings under § 2706 of the Code, alleged that the respondent was in possession of a specified sum of money belonging to the decedent's estate and the verified answer alleged that the respondent was the owner of said sum of money, the petition should be dismissed. Matter of Nay, 6 Dem. 346. An answer of title requires a dismissal. Id. The proceeding is not maintainable for the collection of a simple money indebtednesss. Id.

An answer, though inartificially and discursively drawn, may entitle the respondent to a dismissal of the proceedings, if the court is able to infer therefrom allegations of facts showing ownership or right to the possession of the property. Matter of Masterton, 6 Dem. 460.

A citation, in proceedings under § 2706 of the Code, must issue upon the filing of the petition, and all subsequent steps in such a proceeding await the return of the citation. Matter of Paramore, 15 N. Y. St. Rep. 449.

Where the petition asks for the delivery to an executor of bonds alleged to belong to the decedent, an answer, which claims a lien on them, should state specifically the nature of the lien. Matter of Motz, 5 N. Y. St. Rep. 343.

The president of a savings bank cannot be examined, under §§ 2706-2714 of the Code as to a deposit in such bank claimed to have been made for the benefit of the decedent. Matter of Knittel, 5 Dem. 371. Whenever it appears in any stage of the proceeding that a delivery of the money or property is, in the nature of things, unattainable, the proceedings should terminate. Id.