In the Matter of the Goods, Chattels and Credits of ROBERT
STEWART, Deceased.

*Code of Civil Procedure, §§ 2707, 2708 and 2709 do not create a procedure to collect
debts — proceedings thereunder, when unauthorized.*

Sections 2707, 2708 and 2709 of the Code of Civil Procedure are intended to
authorize a summary mode of discovering and reaching property of a deceased
party in the hands of third persons. They are not intended to create a pro-
cedure to collect debts.

Prior to the death of one Stewart, he delivered to Slocum W. Lake the sum of
fifty-seven dollars and ninety-two cents, with directions to use the same in pay-
ment of his (Stewart's) debts, and for suitable clothing and bedding for laying
out his remains. Lake paid out the said sum as directed, but the sum of twenty-
two dollars and ninety-two cents thereof was paid out after the death of
Stewart.

Proceedings were taken by the administrator of the estate of Stewart under
sections 2707, 2708 and 2709 of the Code of Civil Procedure, which resulted in
an order being made by the surrogate, holding that the payment by the said
Lake of such sum of twenty-two dollars and ninety-two cents after the death
of Stewart was unauthorized and wrongful, and directing the payment by
Lake of such sum to the administrator of Stewart's estate.

*Held,* that such order should be reversed; that if Lake owed the estate the sum
of twenty-two dollars and ninety-two cents an action should be brought
therefor;

That if the administrator of Stewart was entitled to any order it was against the
parties to whom the money received from the deceased had been wrongfully
paid by Lake.

APPEAL by Slocum W. Lake from a decree of the Surrogate's
Court of the county of Washington, entered on the 8th day
of April, 1893, commanding him to deliver to the administrator of
the goods, chattels and credits of Robert Stewart, deceased, the sum
of twenty-two dollars and ninety-two cents besides costs and stenog-
rapher's fees.

*Frederick Fraser*, for the appellant.

*Abner Robertson*, for the administrator, respondent.

PUTNAM, J.:

This is an appeal from an order made by the surrogate of Wash-
ington county in a proceeding instituted by Solomon W. Russell,
Jr., as administrator, etc., of Robert Stewart, deceased, under the

provisions of sections 2707, 2708 and 2709 of the Code of Civil Procedure, to discover property of the said deceased.

It appears that shortly before the death of said Stewart he delivered to the appellant, Slocum W. Lake, fifty-seven dollars and ninety-two cents with directions to use the same in payment of his (Stewart's) debts, and for suitable clothing and bedding for laying out the remains of said deceased. That Lake paid out all of said sum as directed, but that twenty-two dollars and ninety-two cents thereof was so paid after the death of said Stewart.

The appellant, in his answer to the petition, alleged that he received said fifty-seven dollars and ninety-two cents from deceased and had paid out the same pursuant to his directions. He did not allege that he was the owner of said twenty-two dollars and ninety-two cents, or entitled to the possession thereof by virtue of a lien thereon, or especial property therein (Code Civ. Proc. § 2709), but alleged that he had no property of deceased in his possession and did not withhold any such property from the petitioner.

The surrogate held that the payment by Lake of said sum of twenty-two dollars and ninety-two cents after the death of Stewart was unauthorized and wrongful, and as appellant in his answer had not claimed to be the owner or entitled to the possession thereof, that the surrogate was authorized, under the above-cited provisions of the Code of Civil Procedure, to direct the payment by said Lake of said sum to the administrator.

We are unable to agree with the conclusion reached by the learned surrogate. The sections of the Code of Civil Procedure above referred to are intended to authorize a summary mode of discovering and reaching property of a deceased party in the hands of third persons. They are not intended to create a procedure to collect debts. Section 2709 provides that "Where it appears to the surrogate * * * that there is reason to suspect that property of the decedent is withheld or concealed by the person cited he must * * * make a decree, reciting the ground of making it, and requiring the person cited to deliver possession of the property to the petitioner. The decree must specify the sum of money or describe the other property."

The evidence in this case shows that appellant, when this proceeding was instituted, had no property or money of deceased in

his possession. The twenty-two dollars and ninety-two cents had (probably wrongfully) been paid out as directed by deceased, although after his death. The appellant then owed the said sum of twenty-two dollars and ninety-two cents to the administrator, and in a proper action could have been made liable therefor. The claim of the administrator for said sum was for a debt of appellant to the estate. If the respondent was entitled to any order under section 2709 (*supra*) it was rather against the parties to whom the money received from deceased had been wrongfully paid by Lake than against the latter.

In *Matter of Cunard* (27 N. Y. St. Repr. 128, 129) it was held that the object of the statute was to provide a summary means of discovery, and in case of a mere naked possession of decedent's "money or other personal property" to compel delivery to the legal representative. In the case of money it must be a specific sum tortiously withheld ; not merely money due and belonging to the deceased in the sense of an indebtedness. When this proceeding was begun, as above stated, appellant had, pursuant to the direction of the deceased, but after his death, paid out the money in question. It was not in his hands. In consequence of such payment he became a debtor of the estate for the amount so paid out. The sum could have been collected of him by action. (See *Matter of Nay*, 19 N. Y. St. Repr. 259 ; *Matter of Knittel*, 5 Dem. 371.)

We think, therefore, that the order of the surrogate should be reversed, with costs, and the proceeding dismissed.

MAYHAM, P. J., concurred ; HERRICK, J., concurred in the result.

Order of surrogate reversed and proceedings dismissed, with costs and disbursements.