FOLLETT, J., concurred ; PARKER, J., dissented.

Exceptions sustained, new trial granted, with costs to plaintiff to abide event.

---

In the Matter of the Discovery of Property Belonging to the Estate of SOPHIA LYNCH, Late of the City of New York, Deceased.

EDWARD B. LYNCH, as Administrator, etc., of SOPHIA LYNCH, Deceased, Respondent.

GEORGE W. LYNCH, Appellant.

*Proceedings for the discovery of property of a decedent — when they must be dismissed by the surrogate — Code of Civil Procedure, §§ 2706–2714, as amended by chapter 686 of 1893.*

In a proceeding brought under sections 2706 to 2714 of the Code of Civil Procedure, as amended by chapter 686 of the Laws of 1893, for the discovery of the property of a decedent alleged to be held by a third person, a proper petition authorizes the issuing of a citation and the examination of such person touching such property; if, however, such person interposes a written answer, duly verified, alleging that, by virtue of a lien thereon, or special property therein, he is entitled to the possession of the property in the petition mentioned, concerning which the surrogate directs his examination, and setting forth the nature and circumstances of the lien, the surrogate must dismiss the proceeding under such provisions of the Code of Civil Procedure as so amended, and it is not within his power to pass upon the validity, sufficiency or extent of such lien.

APPEAL by George W. Lynch from an order of the Surrogate's Court of the county of New York, entered in said Surrogate's Court on the 25th day of July, 1894, directing the examination of the appellant and of one John H. Lynch as to certain property alleged

to be withheld by them from the administrator of the estate of Sophia Lynch, deceased.

*W. Wickham Smith*, for the appellant.

*Horace Graves*, for the respondent.

O'BRIEN, J.:

This proceeding was brought under sections 2706 to 2714 of the Code of Civil Procedure, as amended by chapter 686 of the Laws of 1893. The petition of the administrator sets forth that there were in the possession of one John H. Lynch and the appellant, George W. Lynch, and wrongfully withheld from him, the following classes of property:

(1) Household furniture and carriages; (2) stock certificates of the Fulton Market Fishmongers' Association; and (3) a stand in the Fulton Fish Market.

The appellant interposed a written answer, duly verified, which set forth:

As to the household furniture and carriages, that they were not and had never been in his possession.

As to the stock certificates of the Fulton Market Fishmongers' Association, that he was entitled to the possession thereof by virtue of a lien thereon and special property therein, and he also set forth the nature and circumstances of his lien, and upon information and belief denied that Sophia Lynch was the real owner thereof at the time of her death.

As to the stand in the Fulton Fish Market, that he was the owner thereof.

Upon the interposition of this answer appellant moved to dismiss the proceeding, but his motion was denied, and an order was made directing his examination as to the shares of stock of the Fulton Market Fishmongers' Association only. From this order the appeal is brought to this court.

The Code of Civil Procedure provides a means for the discovery of the property of a decedent held by a third person, and, upon a proper petition, authorizes the citation and examination of such person touching such property. It further provides that, upon the attendance of such person, he must be sworn to answer questions

touching the inquiry prayed for in the petition, and he may be examined fully and at large respecting any money or other property of the decedent of which the decedent had possession at the time of or within two years before his death. It is further provided, however, that "if the person so cited interpose a written answer, duly verified, that he is the owner of said property, or entitled to the possession thereof by virtue of a lien thereon or special property therein, the surrogate shall dismiss the proceedings as to such property so claimed." (Code Civ. Proc. § 2709.)

Here the person sought to be examined interposed a written answer, duly verified, alleging that he was entitled to the possession of the shares of stock of the Fishmongers' Association, concerning which a discovery was sought, and concerning which the surrogate directed his examination by virtue of a lien thereon and special property therein, setting forth the particulars of such claim.

By the express language of the Code of Civil Procedure the interposition of such an answer required that the surrogate should dismiss the proceeding.

The construction of this section has been involved in several cases in this court, and that contended for by appellant has been consistently followed. Thus in *Doyle* v. *Doyle* (15 N. Y. St. Repr. 318) it is said : "Section 2710 of the Code provides, by the amendment of 1881 (Laws of that year, chap. 535), that in case a person cited as one having property of the deceased shall interpose a written answer, duly verified, that he is the owner of the property, the possession of which is charged upon him, or that he is entitled to the possession thereof by virtue of any lien thereon or special property therein, the surrogate shall dismiss the proceedings as to such property so claimed.

"Such an answer was interposed on this application, and it became the duty of the surrogate to dismiss the proceedings in accordance with the provisions of the section to which reference has just been made.

"He had no power to investigate the verity of the denial thus made, and the order should be reversed, with ten dollars costs and disbursements."

And in *Matter of Cunard* (27 N. Y. St. Repr. 128) it is said : "The petitioner entirely misconceives the purpose and scope of sec-

tions 2706 to 2714 of the Code of Civil Procedure. These sections were not intended as a substitute for ordinary civil remedies in cases where the latter are alone appropriate. The object was to provide a summary means of discovery, and, in case of a mere naked possession of the decedent's 'money or other personal property,' to compel delivery to the legal representative. * * *

"Even where there is a withholding, the statutory proceeding must be dismissed upon the filing of a duly verified answer, setting up ownership, or possession by virtue of a lien or special property. (Section 2710.)"

In regard to language so clear, it is unnecessary to multiply authorities.

Here the appellant set forth the particulars of his lien, and he was entitled to have the proceeding dismissed. His answer showed, not a naked possession, but a lien upon and special property in the stock referred to, and it was not within the province of the surrogate to pass upon the validity, sufficiency or extent of this lien. As said in *Matter of Knittel* (5 Dem. 371): "Those sections were designed to afford a simple and summary procedure whereby the executor or administrator of a decedent might obtain an order for the surrender and delivery of such money or other property belonging to such decedent's estate as should be discovered to be in the hands or under the control of some person or persons not lawfully entitled to the possession thereof."

We think that the order was wrong and should be reversed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., and PARKER, J., concurred.

Order reversed, with ten dollars costs and disbursements.