In the Matter of the Estate of MARY CAREY, Deceased.

JAMES DILLON, Appellant; JOHN J. HAND, Executor, etc., of MARY CAREY, Deceased, Respondent.

*Examination of third person as to property of a decedent — what case is not within the purpose of section 2707 et seq. of the Code of Civil Procedure.*

An examination, under section 2707 *et seq.* of the Code of Civil Procedure, of a third person, alleged to have property of a decedent, which discloses that such third person had, from time to time, collected money for the decedent, and had paid her bills therefrom, but had kept no accurate account thereof, and had, at the time of the examination, a balance of some $400, which he claimed that the decedent said he should take, if anything happened to her, does not present a case which authorizes an order directing such third party to pay over the money, with which he is chargeable, to the executor of the decedent's estate.

APPEAL by James Dillon from a decree of the Surrogate's Court of the county of Montgomery, entered in said Surrogate's Court on the 12th day of September, 1896, directing him to pay to John J. Hand, the executor of the last will and testament of Mary Carey, deceased, the sum of $900 with the costs and expenses of the proceeding.

The proceeding in which the order appealed from was made was one taken under sections 2707, 2708 and 2709 of the Code of Civil Procedure.

Upon the petition of the executor, the surrogate, on the 17th of July, 1896, issued a citation directed to James Dillon, requiring him personally to appear before such surrogate at his office, at the time and place mentioned in such citation, to attend an inquiry concerning certain personal property belonging to the estate of Mary Carey, deceased, alleged to be in his possession and control, and to be examined in regard to the same.

Dillon appeared personally and was examined, upon which examination it appeared that he was the nephew of Mary Carey, deceased, and for some two years or more before her death had taken charge of her financial affairs, had collected moneys due her, and paid bills for her from time to time, of which it appeared that he kept no regular or stated account. She gave him money from time to time, and he stated upon his examination that when he gave her the last money

she said to him that he should take it, and if anything happened to her he should have it, and he says that he understood that when she died he was to have her money.   He swears that all he had at the time of his examination was the sum of $400, and that the reason that he had not turned it over to the executor was that he had not yet secured it.

Dillon apparently received about the sum of $1,812.   He gives various items of expenditure made for Mary Carey and in her behalf, but does not claim to have kept an accurate account, but according to the accounting made the surrogate has charged him with having a balance of $900.

*Howard Putman*, for the appellant.

*Harry Sherburne*, for the respondent.

HERRICK, J. :

The proceedings under sections 2707–2709 of the Code of Civil Procedure were intended to be a summary mode of discovering and reaching the property of the decedent in the hands of a third person ; they were not intended to authorize proceedings to collect a debt.   (*Matter of Stewart*, 77 Hun, 564.)

It has been held that an executor has no right to examine a debtor of the deceased merely to ascertain the amount of such debtor's liabilities to the estate.   (*Estate of Knittel*, 12 Civ. Proc. Rep. 1.)

It seems, also, that the maintenance of such proceedings was contemplated only where the character of such property was definite and certain and its ownership undisputed.   Section 2709 provides that upon the filing of a verified answer and claim of ownership to, or lien upon, the property in question, the proceedings shall be dismissed.   (*Matter of Cunard*, 27 N. Y. St. Repr. 128.)

The proceedings here seem to have been of the most informal character.   Dillon appeared before the surrogate without counsel, and was examined ; and upon an adjourned day he again appeared with counsel and was examined, but no written answer was submitted on his part.

The slightest examination of the proceeding shows that it was necessary to have an accounting in order to determine the amount

of money that had been received and paid out by Dillon. The accounting that was had was of the most summary and informal character.

Upon his examination Dillon did not claim to have an exact statement of the several amounts paid by him from the moneys received, but he did assert that of the amounts received by him there was only $400 left, and he did assert that his aunt informed him that he was to have what was left of the moneys after her death.

I do not think that the state of facts shown here is one that authorizes a proceeding or decree under sections 2707, 2708 and 2709.

They are not intended to secure an accounting for moneys had and received, paid, laid out or expended, or to ascertain the balance due upon such an account.

The decree should be reversed, with ten dollars costs and disbursements of this appeal, and the proceedings in the Surrogate's Court dismissed, with the costs and disbursements of such proceedings. All costs and disbursements to the appellant to be paid out of the estate.

All concurred.

Decree reversed, with ten dollars and disbursements, and proceedings in Surrogate's Court dismissed, with costs and disbursements of such proceedings. All costs and disbursements to appellant to be paid from the estate.