### In re CAREY'S ESTATE.

(Supreme Court, Appellate Division, Third Department.    December 8, 1896.)

EXECUTORS AND ADMINISTRATORS—DISCOVERY OF DECEDENT'S PROPERTY.
  Code Civ. Proc. §§ 2707-2709, providing a summary mode of discovering and reaching property of a decedent in the hands of a third person, do not authorize an adjudication of defendant's rights to such property where such rights are in dispute, or depend on an accounting.

Appeal from surrogate's court, Montgomery county.

Summary proceedings by John J. Hand, executor of the will of Mary Carey, deceased, to reach property alleged to belong to the estate, in the hands of James Dillon.    From a decree against him, the defendant appeals.    Reversed.

The proceeding appealed from was one taken under sections 2707-2709 of the Code of Civil Procedure.    Upon the petition of the executor, the surrogate, on the 17th of July, 1896, issued a citation directed to James Dillon, requiring him

personally to appear before such surrogate at his office, at the time and place mentioned in such citation, to attend an inquiry concerning certain personal property belonging to the estate of Mary Carey, deceased, alleged to be in his possession and control, and to be examined in regard to the same. Dillon appeared personally, and was examined, whereupon it appeared that he was the nephew of Mary Carey, deceased, and for some two years or more before her death had taken charge of her financial affairs, had collected moneys due her, and paid bills from time to time, of which it appeared he kept no regular or stated account. She gave him money from time to time, and, as he stated upon his examination, when he gave her the last money, she said to him that he should take it, and, if anything happened to her, he should have it; and says that he understood that when she died he was to have her money. He swears that all he had at the time of his examination was the sum of $400, and that the reason that he had not turned it over to the executor was that he had not yet secured it. Dillon apparently received about the sum of $1,812. He gives various items of expenditure made for her and in her behalf, but does not claim to have kept an accurate account, but, according to the accounting made, the surrogate has charged him with having a balance of $900.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Howard Putman, for appellant.
Harry Sherburne, for respondent.

HERRICK, J. The proceedings under sections 2707–2709 of the Code of Civil Procedure were intended to be a summary mode of discovering and reaching the property of the decedent in the hands of a third person. They were not intended to authorize proceedings to collect a debt. In re Stewart, 77 Hun, 564, 28 N. Y. Supp. 1048. It has been held that an executor has no right to examine a debtor of the deceased merely to ascertain the amount of such debtor's liabilities to the estate. In re Knittel's Estate, 12 Civ. Proc. R. 1. It seems also that it contemplated a proceeding only where the character of such property was definite and certain, and its ownership undisputed. Section 2709 provides that upon the filing of a verified answer and claim of ownership to or lien upon the property in question the proceedings shall be dismissed. In re Cunard's Estate (Sup.) 7 N. Y. Supp. 553. The proceedings here seem to have been of the most informal character. Dillon appeared before the surrogate without counsel, and was examined; and upon an adjourned day he again appeared with counsel, and was examined; but no written answer was submitted on his part. The slightest examination of the proceeding shows that it was necessary to have an accounting to determine the amount of money that had been received and paid out by Dillon. The accounting that was had was of the most summary and informal character. Upon his examination Dillon did not claim to have an exact statement of the several amounts paid by him from the moneys received, but he did assert that of the amounts received by him there was only $400 left, and he did assert that his aunt informed him that he was to have what was left of the moneys after her death. I do not think that the state of facts shown here is one that authorizes a proceeding or decree under sections 2707–2709. They are not intended to secure an accounting for moneys had and received, paid,

laid out, or expended, or to ascertain the balance due upon such an account.

The decree should be reversed, with $10 costs and disbursements of this appeal, and the proceedings in the surrogate's court dismissed, with the costs and disbursements of such proceedings. All costs and disbursements to the appellant to be paid out of the estate. All concur.