(23 Civ. Proc. R. 397.)

In re McCARTHY'S ESTATE.

(Surrogate's Court, New York County.  August, 1897.)

EXECUTORS—PROCEEDING TO DISCOVER ASSETS—WHEN MAINTAINED.

An executor filed a petition under Code Civ. Proc. § 2709, to compel discovery as to certain property used by testator in his business at the time of his death, which was alleged to be in possession of petitioner's brother. The property was by the will bequeathed to the brothers.  The respondent filed an answer, setting up such bequest; that he was in possession thereof, as testator's employé, at the time of his death, and ever since had retained possession as legatee.  Held, that the proceeding must be dismissed under said section 2709, which provides that if the person cited interposes a verified answer that he is the owner of the property mentioned in the petition, or entitled to possession by an interest therein, the surrogate must dismiss the petition.

Proceeding by John McCarthy, executor of the estate of Thomas McCarthy, Sr., deceased, to compel discovery of assets of said estate. Dismissed.

Patrick J. O'Beirne, for petitioner.

Maas & Goldberg, for respondent.

ARNOLD, S.  This is a proceeding taken by one of the executors of decedent's will against the respondent, under section 2709 of the Code of Civil Procedure.  The discovery sought is in respect to certain horses, trucks, wagons, book accounts, and other property used in his business as a truckman by the testator at the time of his decease, which are alleged to be in the possession of the respondent. The latter and the petitioner are brothers, and by the will this particular property is specifically bequeathed to the two.  The respondent filed an answer, in which he sets up the bequest of same to himself and this petitioner; that he was in possession thereof as employé of his father at the time of the latter's death, and ever since that event has retained possession as legatee; and, further, that all the general legacies have been paid; that there are no debts of the estate; that he has been at all times willing to make a division with the petitioner, or pay him the value of his share upon a release of his interest; and that an agreement was made between them by which an appraiser was appointed by each, by whose decision they agreed to abide, who valued the property at a certain sum, one-half of which the respondent offered to pay the petitioner, who refused to accept the offer unless he also received a share of the receipts which the respondent had realized from the business carried on by him with the property, which proposition was declined.  The section of the Code above referred to provides that if the person cited interposes a written answer, duly verified, that he is the owner of the property mentioned in the petition, or entitled to the possession thereof by virtue of a lien thereon or special property therein, the surrogate must dismiss the proceeding.  The answer herein does allege ownership and title to possession of the property, to wit, that, by virtue of the bequest, the two legatees became joint owners of the property in question.  This answer requires a dismissal

of the proceeding. In re Cunard (Sup.) 7 N. Y. Supp. 553; In re Knittel's Estate, 5 Dem. Sur. 371; In re Stewart, 77 Hun, 564, 28 N. Y. Supp. 1048.

The executors had at no time other than a qualified title to the chattels specifically bequeathed; that is, the right to apply them in discharge of debts after first exhausting all other property applicable to that purpose. If they assented to their delivery to the legatees, the latter acquired a perfect legal title to them, although, in case the remaining property of the testator is insufficient to pay his debts, they would be liable, under the statute, to pay the amount or value of the legacies. Blood v. Kane, 130 N. Y. 514, 29 N. E. 994. Upon payment of all debts, legacies, and charges, the title to the remaining assets at once vests in the legatees under the will, without any formal transfer from the legal representatives of the estate. In re Mullon's Estate, 145 N. Y. 104, 39 N. E. 821. The assent of the executor once given to a specified legacy vests the interest at law irrevocably in the legatee, and the executor has no right to apply it in payment of debts. Deposit Co. v. Price, 87 N. Y. 542. And see Taylor v. Dodd, 58 N. Y. 349. The petitioner does not deny that the debts and legacies have been paid in full, and, if there are expenses and charges of administration which have not been satisfied (which does not appear), the executors cannot have recourse to the property in question for the payment of the same; as, so far as appears, there were ample assets not specifically bequeathed out of which such expenses and charges could have been deducted before payment of such debts and general legacies was made. No purpose of administration can now be served by directing a delivery of the property in controversy to the executors. They would have no right to convert the same into money against the wishes of either of the legatees, and they could receive no commissions thereon. Hall v. Tryon, 1 Dem. Sur. 296; Hawley v. Singer, 3 Dem. Sur. 589; Schenck v. Dart, 22 N. Y. 420.

It seems quite clear that there was an assent on the part of the executors to the retention of this property by the respondent. They suffered the same to remain in his possession for more than two years before taking the present proceeding. Meanwhile he used the same in his business, as he had a right to do, so far as the executors, as such, are concerned. Whatever effort was made meanwhile to obtain this property or its value from him was made by the petitioner in his individual interest as joint legatee, and not as representative of the estate; and his claim then made was that he was personally entitled to a division of the chattels or his proportionate share of their value; and, in addition, he insisted upon an accounting for the receipts of the respondent's business, and brought suit therefor in the supreme court in his individual, and not his representative, capacity. All this is inconsistent with the assertion of any right of the executors, as such, to the property. They certainly would have no right to demand any of the receipts of the respondent's business, because he used the chattels specifically bequeathed to him in such business, even if the latter were necessary to be used in the payment of debts and expenses.

In Champion v. Williams (Sup.) 12 N. Y. Supp. 697, the defendant executor contended that the plaintiff, the widow of the testator, having retained possession of certain farming tools and stock (which were specifically devised to her by his will), carried on a manufacturing business therewith, and appropriated the proceeds of the business, should not be allowed certain claims presented by her against the estate; in other words, that the value of such property and proceeds should be offset against her demands. But the court held otherwise, saying:

"The defense rests upon the executor's supposed right to take possession of all the personal property, and sell it. He can, under the peculiar language of this will, only take what is necessary; and, since he has not shown the necessity, he has not shown that the plaintiff violates his right by using and enjoying what her husband bequeathed her."

It was shown there, also, that there were no unpaid debts other than the plaintiff's claim, and that there were sufficient assets in the executor's hands to pay those.

No determination of the respondent's rights as an individual as between himself and the petitioner can be made in this court. Such rights, if necessary to be secured by litigation, must be prosecuted in a court having jurisdiction of the matter, which this court has not.

The proceeding is dismissed.