---

(119 App. Div. 140)

### In re WHITE'S ESTATE.

(Supreme Court, Appellate Division, Second Department. April 19, 1907.)

EXECUTORS AND ADMINISTRATORS—DISCOVERY AND COLLECTION OF ASSETS—DEPOSITS IN BANK.

Funds held by a bank which were deposited by a deceased person in his lifetime may not be recovered by the personal representative in a summary proceeding under Code Civ. Proc. § 2707, providing for delivery of property belonging to the estate of a deceased person, but withheld by another, since the deposit of the money creates the relation of debtor and creditor, necessitating the following of the ordinary process of law for the collection of the debt.

Appeal from Surrogate's Court, Kings County.

Proceeding by Mary White, administratrix of the estate of James White, for the recovery of money deposited in the Emigrant Industrial Savings Bank. From a decree in favor of the bank, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and HOOKER, GAYNOR, RICH, and MILLER, JJ.

Richard O'Gorman, for appellant.
William F. Hagarty, for respondent.

HIRSCHBERG, P. J. These proceedings have been instituted pursuant to section 2707 of the Code of Civil Procedure, and the sections following; which provide for the discovery and delivery of property belonging to the estate of a deceased person, but withheld by another. The process is summary. On presentation to the surrogate of a petition made by an executor or administrator, setting forth facts tending to show that money or other personal property which should be delivered to such executor or administrator, or which should be included in an inventory or appraisal, is in the possession of a person who withholds the same, a citation must be issued by the surrogate, requiring such person to appear before him for examination. If on such examination it appear that the individual cited is in the possession of property to whose immediate possession the petitioner is entitled, the surrogate may decree that the property be delivered to the petitioner.

In this instance the petition of the administratrix states in substance that her intestate deposited the sum of $910.66 in the Emigrant Industrial Savings Bank, that she demanded the delivery of the money to her on the 1st day of May, 1906, and that the institution wholly failed and refused to deliver the same. Accompanying the petition and annexed to it is an affidavit setting forth the fact that on the 12th day of September, 1894, the affiant accompanied the deceased to the bank, where the latter opened the account, received the pass book, and delivered it to the affiant, by whom it was kept until it was turned over by him to the administratrix on her appointment as such. On the return of the citation issued upon this petition and affidavit, the administration clerk of the savings bank appeared in the Surrogate's Court and was examined; such examination disclosing the fact that the account was duly opened as stated by the petitioner, and that the balance due on the account amounts to $910.66, which has not been paid to the administratrix, but remains in the possession of the bank, notwithstanding a demand was made by her for the money. The decree is based upon a finding, made upon this evidence, to the effect "that the Emigrant Industrial Savings Bank has in its possession and is in control of $910.66, the property of the deceased"; but this finding is wholly without evidence to support it.

The facts presented do not justify the proceedings. The provisions of the Code of Civil Procedure in question are designed for the purpose of discovering specific property or specific money in coin and bank bills belonging to the deceased and withheld, on which discovery they may be ordered delivered summarily; but the provisions do not contemplate the collection of a debt by summary process. When the deposit was made in this case, the money deposited became the property of the bank, and remains its property; the obligation of the bank being limited to that of a debtor who may be compelled to pay his debt by the ordinary and due process of law. This has been often held. In Whitlock v. Bowery Savings Bank, 36 Hun, 460, the court said (page 461):

"By the deposits which were made the bank became a mere debtor to one or both of the depositors (People v. Mechanics', etc., Sav. Inst., 92 N. Y. 7), and

its liability consisted in its obligation to pay the debt so created on demand of the party entitled to receive it."

In .People v. Mechanics', etc., Sav. Inst., 92 N. Y. 7, it was held that the primary relation of a depositor in a savings bank to the corporation is that of creditor. In Fowler v. Bowery Savings Bank, 113 N. Y. 450, 453, 21 N. E. 172, 173, 4 L. R. A. 145, 10 Am. St. Rep. 479, the court said:

"The relation between a savings bank and a depositor therein is that of debtor and creditor, and the defendant, therefore, became a debtor for the sum deposited with it by John White."

In People ex rel. Bridgeport Sav. Bank v. Barker, 154 N. Y. 128, 131, 47 N. E. 973, the court said:

"The bank is liable to pay the depositor the amount of his deposit. as a debt."

· In Matter of Knittel, 12 Civ. Proc. R. 1, it was held by the surrogate of the county of New York that the Code provisions in question do not authorize the examination of the president of a savings bank in which a deposit has been made in trust for a decedent. See, also, Matter of Stewart, 77 Hun, 564, 28 N. Y. Supp. 1048.

The fact that no answer was filed in this case by the savings bank is not important. The filing of an answer does not seem essential. Matter of Carey, 11 App. Div. 289, 42 N. Y. Supp. 346.

The learned counsel for the respondent argues that on the evidence the surrogate was justified in finding that the balance due—that is, the sum of $910.66—was a "definite parcel of coin, treasury notes, or bank bills." I do not think the situation would be different were the bank still. in possession of the identical coin, treasury notes, or bank bills which were deposited by the decedent in 1894; but certainly there is no evidence that they were retained by the bank for a period of 12 years, nor is there a finding to that effect.

It follows that the decree should be reversed, with costs, and the proceeding dismissed. All concur. .