1. EXECUTORS AND ADMINISTRATORS ⬤⟿85(6)—DISCOVERY OF PROPERTY—PRO-
   CEEDINGS—STATUTE.

   In a proceeding under Code Civ. Proc. §§ 2675, 2676, to discover property withheld, where the answer did not allege title to or the right of possession of any property involved in the inquiry, the matter should be as it would have been under the original sections before the amendments of 1914, treated as an inquisition only; the statute being intended merely as a summary means to discover property of the estate.

   [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 323, 354; Dec. Dig. ⬤⟿85(6).]

2. EXECUTORS AND ADMINISTRATORS ⬤⟿85(8)—DISCOVERY OF PROPERTY—PRO-
   CEEDINGS—STATUTE.

   In such case, as the statute is intended to provide only a summary means of discovery, delivery of the property cannot be directed, unless it conclusively appears as a matter of law that the claim of title by the defendant is unfounded.

   [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 323, 357, 358; Dec. Dig. ⬤⟿85(8).]

3. EXECUTORS AND ADMINISTRATORS ⬤⟿56—DISCOVERY OF PROPERTY—PRO-
   CEEDINGS—STATUTE.

   In summary proceedings under Code Civ. Proc. §§ 2675, 2676, to discover concealed assets, corporate stock transferred by deceased to his wife more than a year before his death, and transferred to her on the books of the company, cannot be treated as assets of deceased; the assignment by deceased of his certificate having been acknowledged.

   [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 308; Dec. Dig. ⬤⟿56.]

4. EXECUTORS AND ADMINISTRATORS ⬤⟿85(1)—DISCOVERY OF PROPERTY—PRO-
   CEEDINGS—STATUTE.

   In such proceeding a debt due the estate cannot be collected, nor can an accounting be required; therefore defendant cannot be required to account for moneys received by her from checks signed by deceased, it being her claim that the moneys were used in discharging debts or obligations for which the deceased was liable.

   [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 323, 339–341; Dec. Dig. ⬤⟿85(1).]

5. EXECUTORS AND ADMINISTRATORS ⬤⟿85(8)—DISCOVERY OF PROPERTY—PRO-
   CEEDINGS—STATUTE.

   Where defendant had possession of a check book of deceased, which she claimed contained entries showing deceased to be indebted to her, the check book will be ordered impounded with the clerk of the court rather than delivered to deceased's executors, though they desired to examine entries in the book to determine their genuineness.

   [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 323, 357, 358; Dec. Dig. ⬤⟿85(8).]

In the matter of the estate of Charles Lowen, deceased.   Proceeding by executor under Code Civ. Proc. §§ 2675, 2676, for the discovery of property claimed to be withheld.   Dismissed as to all items of property save one, which was ordered impounded with the clerk of the court.

Norbert Blank, of New York City, for petitioner.
Caldwell & Murphy, of New York City, for respondent.

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

SCHULZ, S. This proceeding was brought by one of the executors of the last will and testament of the deceased pursuant to the provisions of sections 2675 and 2676 of the Code of Civil Procedure.

[1] The petitioner states in effect that he believes that the respondent is concealing bonds and certificates of shares of the capital stock of certain corporations, unknown to him, which belong to the estate, so that they cannot be inventoried or appraised. No other property of the estate is claimed, in the petition, to be withheld by the respondent. The respondent interposes an answer in which she denies the material allegations contained in the petition and the supporting affidavits.

The answer does not allege title to, or the right to possession of, any property involved in the inquiry; hence the matter proceeded before me, not as a trial, but as an examination only. Code Civ. Proc. § 2676; note to this section in Report of Revision Commission Transmitted to Legislature February 9, 1914, p. 203.

The two sections under which proceedings of this character are now brought are a modification of sections 2707 to 2710 of the Code of Civil Procedure as it was prior to the revision (Laws of 1914, c. 443). Under these sections, if the witness admitted having control of the property, but the facts as to the petitioner's right were in dispute, the proceeding came to an end, unless the parties consented to its determination by the surrogate, in which event it was so determined. If in the course of the proceedings it became evident that a question of title was involved, the same could not be adjudicated without the consent of the parties. By the revision hereinbefore referred to, the power of the surrogate in these proceedings was enlarged, so that, if the answer alleged title to or the right to the possession of any property involved in the inquiry, the issue thus raised could be heard and determined by the surrogate and a decree made accordingly. Code Civ. Proc. § 2676. Where no such allegation was contained in the answer, however, the matter proceeded as an inquisition, practically as it would have under the old practice when no stipulation such as has been referred to was filed; hence the decisions rendered while the former sections of the Code were in force are still precedents to be considered on this application.

[2] It has been repeatedly held that the object of the statute was to provide a summary means of discovery, and in case of a mere naked possession of decedent's property to compel delivery to the legal representative. Matter of Knittel, 5 Dem. 371; Matter of Stewart, 77 Hun, 564, 28 N. Y. Supp. 1048; citing Matter of Cunard, 27 N. Y. St. Rep. 128, 7 N. Y. Supp. 553; Matter of White, 119 App. Div. 140, 103 N. Y. Supp. 868. The delivery of the property concerning which inquiry is had cannot be directed, unless it conclusively appears as a matter of law that the claim of title by the respondent is not well founded. Matter of Gick, 113 App. Div. 16, 98 N. Y. Supp. 961. It seems to me to be obvious that the power of the surrogate to direct delivery of property where the proceeding is simply an inquiry and not a trial should be exercised with the greatest caution.

[3] In this matter the petitioner urges that 50 shares of the common stock of the Laclede Gas Company are one of the items of property which the court should direct the respondent to deliver to the representatives of the estate. It appears from the evidence that the decedent during his lifetime owned 50 shares of the common stock of this corporation. His ownership was evidenced by a certificate of stock which is in evidence and upon which is indorsed an assignment apparently made by the decedent to his wife, the respondent, dated June 19, 1912, and upon that date acknowledged before a notary public. A clerk of the transfer agent of the corporation testified that this certificate was canceled on December 30, 1913, and upon the same day the stock in question was transferred upon the books of the corporation and a new certificate was issued in the name of the respondent in this proceeding. It will be noted that the date of the transfer and the date of the issuance of the new certificate in the name of the respondent are over one year before the death of the decedent. The respondent admits that she has in her possession the certificate which is in her name, and states that the shares in question were presented to her by her husband in December, 1913. On such evidence, I cannot as a matter of law conclude that the stock in question belongs to the decedent's estate.

[4] In the course of the examination of the witnesses, inquiry was also made with reference to assets and property of the estate which had not been referred to in the petition. It appears that prior to the death of the decedent a check in the sum of $500, which had been signed by decedent and filled in by his wife, was cashed by her, and she testifies that two days before his death, on a Saturday, another check was filled out which was dated as of the following Monday, on which day the decedent died, but for which she claims to have received cash from an acquaintance on the Sunday before the decedent's death. The petitioner urges that the respondent should be ordered to pay to the executors of the decedent a small balance of the $500 check which he claims remained after the payment of doctor's bills and other expenses, and also that she should pay the amount of cash received by her upon the other check, to wit, the sum of $250. The respondent testifies, however, that all of this money was used up in the payment of bills and expenses of the decedent and his household, and that there is no part of this money still in her possession.

The moneys received on these checks appear to me to be rather the subject of an accounting and a proceeding of this kind cannot be brought for the purpose of obtaining an accounting or of collecting a debt. If there is money due from the respondent to the decedent by reason of a failure to properly apply the funds which she obtained upon the checks in question, resort should be had to a forum where the matter may be properly tried and where such counterclaims, as the respondent intimates she has, could be heard. The rights of the parties with reference to the moneys realized on the checks in question, and to which there was no reference in the petition, should not be determined summarily, and may not legally be so determined. Matter of Stewart, supra; Matter of Carey, 11 App. Div. 289, 42 N. Y.

Supp. 346; Matter of White, supra; Matter of Cunard's Estate, supra.

The petitioner also contends that the respondent should be ordered to pay to the executors the amount which she received upon the sale of the piano which was in the apartment occupied by the decedent and respondent, his wife. There is no dispute that the piano was sold by the respondent, but there is not sufficient evidence to warrant the conclusion as a matter of law that the piano was the property of the decedent, and that the respondent has the moneys which she obtained therefor, and under these circumstances I do not feel that I would be justified in making the order desired.

[5] The final item of personal property which the examination disclosed was in the possession of the respondent is a check book of the decedent showing withdrawals by the decedent from his account in the Colonial Bank. This book is in evidence, and is undoubtedly the property of the estate, and should be turned over to the representatives of the decedent, unless there is some good reason why this should not be done. The respondent, through her counsel, has furnished the attorney for the executors with a copy of the book in question. She states that she is willing to deposit the book in the office of the clerk of this court, with the privilege to the attorney for the executors to fully examine the same; but she asks that she be not directed to deliver the check book to the executors, contending that the same contains entries showing that the decedent was indebted to her in certain amounts. Counsel for the executors, however, states that he desires possession of the book in question, so that he may have the handwriting examined. I think that the interests of all the parties will be best conserved if the book is deposited in the office of the clerk of this court and impounded until the further order of the court, subject to the examination of any of the parties.

An order will be made impounding the check book in question as indicated, and dismissing the proceeding as to the other items of property referred to, without prejudice, however, to any action or proceeding in the proper forum. Under all the circumstances I do not believe that costs should be imposed in this matter.

Decreed accordingly.