Schulz, S.
This is a proceeding under section 2675 of the Code of Civil Procedure to discover property belonging to the estate of the decedent, alleged to be withheld by the respondent, and for an order directing its delivery to the administratrix of his goods, etc. The property, ref erred to is alleged to consist of two Liberty bonds, denominations not stated, the amount of the death benefit due under a policy of life insurance in the sum of $245, moneys due upon the death of the decedent from a labor organization amounting to $200, and the sum of $400, stated to be the savings of the decedent. No answer was interposed by the respondent, so that the matter proceeded as an examination only. Matter of Lowen, 95 Misc. Rep. 421; affd., 175 App. Div. 895.
It was conceded by the respondent, a sister of the decedent, that she had received the amounts stated from the insurance company and from the labor organization, and while there was some confusion in the testimony as to whether the same were in the hands of the respondent when the order was served, it was finally stipulated that she still has possession thereof.
I find no evidence which would warrant the conclusion that the respondent has possession of any Liberty bonds or of the sum of $400 referred to as savings, and the application is denied in so far as it affects these two items.
Counsel for the respondent in his brief concedes that the estate is entitled to the sum of $200 received from the labor organization, so that only the amount received under the policy of insurance remains to be considered. The policy under consideration is in the usual industrial form, and provides that the company *68 “ immediately upon receipt of due proof of the death of the insured * * * will pay * * * the amount of benefit herein specified, to the executors or administrators of the insured, unless payment be made under the provisions of the next succeeding paragraph,” and the next succeeding paragraph is as follows: “ Facility of Payment.— It is understood and agreed that the said company may make any payment or grant any non-forfeiture privilege provided for in this policy to any relative by blood or connection by marriage of the insured, or to any person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, for his or her burial, or, if the insured be more than fifteen years of age at the date of this policy, for any other purpose, and the production by the company of a receipt signed by any or either of said persons or of other sufficient proof of such payment or grant of such privilege to any or either of them shall be conclusive evidence that such payment or privilege has been made or granted to the person or persons entitled thereto, and that all claims under this policy have been fully satisfied. ’ ’
It will thus be observed that it is not payable on its face to the respondent by name, although it was in fact paid to her no doubt under the “ Facility of Payment ” clause. I had a similar policy under consideration in Matter of Shanley, 95 Misc. Rep. 427, and reached the conclusion upon the cases there cited that the provision for the payment by the insurance company under the Facility of Payment clause is for the protection of the insurance company only, and that the latter cannot, by electing to pay one of the persons there mentioned, invest that person with the absolute ownership of the moneys paid. Wachtel v. Harrison, 84 Misc. Rep. 76; Ruoff v. John Hancock Mutual Life Ins. Co., 86 App. Div. 447; Wokal v. Belsky, 53 id. 167.
*69 The application made for this insurance, if any, is not before me, so that the only beneficiaries appear to be those mentioned on the face of the policy. It is claimed by the respondent that, notwithstanding the recital in the policy, the court should find title thereto in the respondent because she claims to have paid the premiums. I do not know of any authority which would justify such a conclusion, and none has been drawn to my attention.
It follows that the application must be granted in so far as it relates to the moneys received from the insurance company and the labor organization, and an order to that effect may be settled on notice.
Decreed accordingly.