Foley, S.
This discovery proceeding to compel the respondent to pay over to the executors of this estate “ the sums of money held by him in excess of the *529 total indebtedness to him by the decedent at the time of her death ’ ’ must be dismissed.
Respondent, an attorney, took out an insurance policy on the life of the decedent for $3,000 to secure certain loans made by him to her. The indebtedness was satisfied in her lifetime. The respondent continued to pay the premiums on the life insurance after the indebtedness had been discharged. She died in 1916, and thereafter the respondent was paid the amount of the policy. The executors contend- that the dealings between Mrs. Kingsley and the respondent and his written admissions establish an agreement under which her assignees or her estate were to receive the proceeds of the policy.
The claim of the executors should be prosecuted as a cause of action against respondent either on contract or for an accounting, or for money had and received, or for other appropriate relief. A discovery proceeding in the Surrogate’s Court cannot be used for the purpose of the collection of a debt. The limitation of this court’s jurisdiction in this proceeding is clearly defined by Judge Cardozo in Matter of Heinze, 224 N. Y. 1: “ Its primary purpose is still inquisitorial. Its aim is a discovery which will bring the decedent’s assets within the executor’s dominion.” It is designed “ for the purpose of discovering specific property or specific money in coin or bank bills belonging to the deceased and withheld, on which discovery they may be ordered delivered summarily, but the provisions do not contemplate the collection of a debt by summary process.” Code Civ. Pro. § 2675; Matter of White, 119 App. Div. 140; Matter of Stewart, 77 Hun, 564; Matter of Cunard, 7 N. Y. St. Repr. 752; Matter of Carey, 11 App. Div. 289. Where it is admitted that the object of the proceeding is to secure information about property which is incapable of delivery an examination is un *530 necessary and the proceeding should end. It cannot he used for the purpose of ascertaining and discovering evidence to he used in another action or proceeding. Estate of Denham, N. Y. L. J. June 7, 1917; affd., without opinion, 180 App. Div. 935. The wisdom of the rule in Matter of White, supra, is home out by the difficulty of disposing of the issues here. If this court attempted to hear and determine this controversy it would be compelled to act on equitable principles on the theory that the respondent was a trustee. Reed v. Provident Sav. Life Assur. Soc., 190 N. Y. 111, 119. It would be necessary also to adjudge the rights of third parties who are claimants under assignments or orders against the fund. Matter of Higgins, 91 Misc. Rep. 387. The Appellate Division in this department has held that the Surrogate’s Court cannot exercise equitable jurisdiction in discovery proceedings. Matter of Mondshain, 186 App. Div. 528. Where jurisdiction does not exist it cannot be conferred on this court by consent, and the offer of the respondent to submit the claim for determination here cannot be accepted. Matter of Mondshain, supra, 529.
Proceeding dismissed.