In the Matter of the Estate of JOHN F. ARTHUR, Deceased.

Surrogate's Court, Tioga County, June 23, 1933.

*J. S. Truman*, for the petitioner.

*Rogers & Cahill*, for the respondent.

TURK, S. This is a proceeding for the discovery of property under sections 205 and 206 of the Surrogate's Court Act. On the 15th day of May, 1933, Maude A. Arthur, administratrix of the goods, chattels and credits of John F. Arthur, deceased, presented a duly verified petition to this court alleging that certain personal property of the said John F. Arthur, deceased, consisting of an automobile which was included in the inventory and appraisal of the estate of John F. Arthur, was at that time in the possession of and under the control of one J. M. Lewis, and that J. M. Lewis was withholding the possession of said property from petitioner. On the same day of the filing of said petition an order was made by this court directing that an inquiry be held at a term of this court on the 29th day of May, 1933; that J. M. Lewis attend such inquiry and be examined and show cause why he should not deliver the property described in the petition to the administratrix. The said order also provided that service of a certified copy of the order and petition be made on J. M. Lewis on or before the 24th day of May, 1933. On the 29th day of May, 1933, the administratrix and her counsel appeared in this court and the said J. M. Lewis and his counsel also appeared, at which time the administratrix asked permission to amend the petition by inserting an allegation that J. M. Lewis also was withholding from her " other personal property." The court thereupon asked the respondent if he desired to file an answer to the petition and his counsel stated that he had not filed and did not desire to file a written answer. Respondent was then sworn to answer all questions put to him touching the inquiry prayed for in the petition. From the testimony of respondent it appears that about seven weeks before his death John F. Arthur went to the home of Julius M. Lewis at Pine City, N. Y., to board, Julius M. Lewis being merely a casual acquaintance whom Mr. Arthur had met during the summer; that about ten days before his death John F. Arthur purchased a Chevrolet automobile and paid therefor the sum of $741; that he took the title thereto in his own name and caused the same to be registered in his own name, and from the time of the purchase to the present time no transfer or attempt to transfer the said automobile to any other person has been made. The respondent stated that the administratrix had demanded possession of said automobile but that he had refused to deliver it to her and that he still had possession of the same.

The respondent was permitted to call witnesses in his behalf, without objection on the part of the petitioner. From the testimony of those witnesses it appeared that about three weeks after the deceased went to board with the respondent the wife of the respondent took her car and went on an errand for the deceased, and while on this errand she met with an accident which caused considerable damage to respondent's automobile. She was feeling badly when she returned home and the deceased said to her, "Never mind, all we care is that you are not hurt. We can buy a new automobile but we cannot buy lives." The respondent's car was immediately repaired and used, but after a short period of time the deceased said, "I guess it is about time we got some pictures of these automobiles and looked them over." The pictures were obtained and the deceased, the respondent and the respondent's wife examined them. On the 17th day of January, 1933, the deceased purchased a new car and gave his check for the same. The deceased did not operate a car himself and there was evidence that he told the dealer that he "figured on buying a car;" that he was buying it for respondent and whatever car respondent was suited with was all right with him. From all the evidence given by the respondent and the witnesses called by him, I find nothing which indicates that the deceased gave or intended to give the new car to the respondent. The fact that the bill of sale and registration were taken in the name of the deceased negatives the thought that there was any intention of giving the car to the respondent. From all the testimony it seems more probable that the deceased did not care to ride in the car of the respondent any longer and that inasmuch as he did not drive himself and expected the respondent to drive for him that he wanted a car which was satisfactory to the respondent; that the language he used to the dealer and to the mechanic who were sworn, to the effect that the car was for respondent, that they should do whatever he said, simply meant that the deceased knew nothing about a car himself and was depending on the respondent to look after it for him.

The questions to be decided here become somewhat involved by reason of the failure of the respondent to submit an answer as provided in section 206 of the Surrogate's Court Act. Although the respondent was permitted to offer testimony concerning the title to the property in question, without objection on the part of the petitioner, that is not sufficient answer to comply with section 206 of the Surrogate's Court Act for it is provided in section 49 of the act that all pleadings must now be in writing and duly verified. This proceeding must, therefore, be determined on the theory that no answer has been submitted by the respondent. Where no answer

is interposed the matter proceeds as an examination only. (*Matter of Lowen*, 95 Misc. 421; affd., 175 App. Div. 895.) Section 206 of the Surrogate's Court Act provides that where the respondent defaults in answer, and is sworn to answer all questions touching the inquiry prayed for in the petition, if it shall appear from his testimony that the petitioner is entitled to the possession of the property, the decree shall direct delivery thereof to him, and while it is true, as has been said, great precaution should be used in directing delivery of property where there has been an inquiry only and not a trial; the object of the statute is to provide a summary means of discovery and in case of mere naked possession of decedent's property to compel delivery thereof to the legal representative. (*Matter of Stewart*, 77 Hun, 564.)

In a discovery proceeding the burden of proving the gift is upon the respondent. (*Matter of Housman*, 224 N. Y. 525.) And proof of the gift must be clear, convincing and satisfactory. (*Matter of Van Alstyne*, 207 N. Y. 298.) I am convinced that if the respondent had interposed an answer claiming title to the automobile in question he could not have met these requirements.

It was not established that the respondent has in his possession any property belonging to the decedent's estate except the automobile purchased by the decedent on the 17th day of January, 1933, and it will, therefore, be unnecessary to consider the questions raised by the application of the administratrix to amend the petition. I am convinced, however, that this is exactly such a situation as the statute intended to give summary power to the surrogate to remedy. I find that John F. Arthur at the time of his death was the owner of the Chevrolet automobile purchased by him on the 17th day of January, 1933, and that that automobile is now in the mere naked possession of Julius M. Lewis. I find further that the administratrix of the estate of John F. Arthur is entitled to possession of that automobile, and an order may be prepared directing Julius M. Lewis to deliver said automobile to the administratrix of this estate. Settle decree accordingly.