EDWIN H. WHITNEY, executor, and SUSAN COAPMAN, executrix, &c., *vs.* JOHN W. COAPMAN, and ELIZABETH his wife, executrix, &c.

An action will not lie by the executor and one of the two executrixes of a testator, against the other executrix and her husband, to recover damages against the husband for the alleged wrongful conversion by him of certain chattels and choses in action of the testator, in his lifetime.

A legatee *as such* has no right of action in such a case.   He does not represent the testator ; and whatever right he may have, in respect to the estate, can only be enforced in a proceeding against the *executors*.

A claim for the wrongful conversion of property of a testator, in his lifetime, belongs primarily to the executors, and can only be enforced by action by them.

APPEAL from an order made at a special term, overruling a demurrer to the complaint.   The plaintiffs, together with the defendant Elizabeth A. Coapman, were the executors of Ambrose Foreman, deceased.   The plaintiff Susan Coapman was a married woman.   The defendant Elizabeth A. Coapman refused to be a plaintiff, and was therefore made a defendant.   The action was an action of tort, to recover the value of certain personal property and choses in ac-

tion, alleged to have been taken by the defendant John W. Coapman from the possession of the testator, in his lifetime, without his consent. The complaint alleged the death of the testator on the 20th of December, 1860, leaving Jonathan L. Foreman, Susan Coapman, wife of Walter C. Coapman, and Elizabeth A. Coapman, wife of John W. Coapman, his children and heirs at law, him surviving, and leaving a last will and testament, wherein and whereby he bequeathed all his personal estate to said Susan and Elizabeth, to be divided equally between them; that the testator, also, in and by his said will, appointed Edwin H. Whitney executor, and the said Susan and Elizabeth executrixes thereof. That the said will was duly admitted to probate, and letters testamentary were issued to all the executors. That the personal estate of the testator consisted of bonds and mortgages, notes, money in specie and bank bills, &c., amounting in value to about $19,000. That the testator, in his lifetime, kept, at his residence, his said bonds and mortgages, notes and other evidences of debt, and money, in a certain box or trunk; and that a short time before the testator's death, the defendant John W. Coapman, without the consent of the testator, took and carried away said box or trunk, with its contents, to his residence, and still retained the same in his possession. The complaint then set forth the contents of the trunk or box, and alleged that the securities were good and valid. And the plaintiffs alleged that on or about the 1st day of February, 1861, they, as such executrix and executor as aforesaid, demanded of the defendant John W. Coapman that he deliver to them the securities, &c. And they asked for judgment as follows: " Wherefore said plaintiffs, as such executor and executrix as aforesaid, demand judgment in this action against said defendant John W. Coapman, in behalf of said executor and said two executrixes, in the sum of seven thousand nine hundred and fifty dollars, with interest," &c.

The defendant John W. Coapman demurred to the complaint, on these grounds: 1. That the plaintiffs have no le-

gal capacity to prosecute this action without joining the defendant Elizabeth A. Coapman as a co-plaintiff therein. 2. There is a defect of parties plaintiff, in this, to wit: Walter C. Coapman, the husband of the plaintiff Susan Coapman, should be made a party plaintiff with his wife. 3. The plaintiff Edwin H. Whitney is an improper person to be joined as a plaintiff with Susan Coapman, in an action concerning her separate estate. 4. No joint action can be maintained by, nor joint judgment rendered in favor of, the plaintiffs, in regard to the separate property of the said Susan Coapman. 5. The said Susan Coapman is an improper party to an action concerning the separate property of the defendant Elizabeth A. Coapman. 6. The complaint does not state facts sufficient to constitute a cause of action in favor of the plaintiffs, as executors of Ambrose Foreman, deceased, against this defendant. 7. The complaint does not state facts sufficient to constitute a cause of action in favor of the plaintiffs and the defendant Elizabeth A. Coapman, as executor of the deceased, against this defendant. 8. Separate causes of action, the one in favor of the plaintiff Susan Coapman, concerning her separate property, and the other in favor of Elizabeth A. Copeman, concerning her separate property, are improperly united in the complaint.

The defendant John W. Coapman appealed from the order overruling the demurrer.

*David Wright,* for the appellant.

*Geo. Rathbun,* for the respondents.

*By the Court,* JAMES C. SMITH, J. It seems to me clear, from the allegations in the complaint, that this is nothing more or less than an action by the executor and one of the two executrices of the testator to recover damages against the defendant John W. Coapman for the alleged wrongful conversion by him of certain chattels and choses in action of

the testator, in his lifetime. The other executrix is made a defendant, simply because she is a necessary party, and has refused to join as a plaintiff. No claim is made against her personally, and it is manifest that none could be maintained against her, in this action, even if she were personally charged with the alleged conversion. The plaintiffs have no right of action except *as executors*, and the several executors are regarded in law as but one person representing the testator, and having a joint and entire interest in the testator's effects, which is incapable of being divided.

For precisely the same reason, I think this action cannot be maintained against John W. Coapman, he being the husband of the executrix defendant. By the common law, if a married woman be an executrix, or administratrix, the husband is personally responsible in respect to the administration, and therefore he has a right to act in it with or without her consent, and her acts, if performed without his permission, are of no validity. In short, during the marriage, the *whole* administration is devolved on him. (*Tol. on Ex.* 241, 357. *Sard* v. *Eland, Ld. Raym.* 369. *Ankersteen* v. *Clarke,* 4 *T. R.* 617.) And it is held that if an executrix marry, and the husband eloine the goods or is guilty of any other species of *devastavit*, it will be a *devastavit* also by the wife, and they will be both answerable accordingly. On the other hand, if an executrix commit a *devastavit*, and then marry, the husband, as well as the wife, is chargeable for it during the coverture. (*Tol. on Ex.* 358.) Our statute, recognizing these rules of the common law, has provided that "no married woman shall be entitled to letters testamentary, unless her husband consent thereto, by a writing to be filed with the surrogate, and by giving such consent he shall be deemed responsible for her acts jointly with her." (2 *R. S.* 69, § 4.) And under that statute, it has been held that the husband who marries an executrix *after* she has taken out letters testamentary, by the marriage itself, without filing a consent, becomes jointly liable with her for her acts, done as execu-

trix, after as well as before the marriage, (8 *Paige*, 37;) and if the wife require it, he must be joined in proceedings before the surrogate to compel an account. (2 *Bradf.* 153.) I do not understand that these rules are abrogated by the statutes framed in and since 1848, respecting the rights of married women.. Those statutes do not relate to assets in the hands of a married woman as an *executrix*, or to the liability of her husband, for her acts in respect thereto. It is evident from these considerations that the husband of a married woman who is an executrix, is entitled during marriage to possession of the assets; indeed, her possession is his. There is therefore the same difficulty in the way of maintaining this action against John W. Coapman, that there would be if the action were against his wife personally, or if he were in fact executor.

The learned judge who decided this case at special term, conceded that the action will not lie against the husband, unless his wife could, upon the same facts alleged in the complaint, maintain the action against him if she were sole executrix and legatee; but he concluded that in such case she could maintain the action, as otherwise the legatees and creditors would be without remedy. I am compelled, however, to dissent from this position.

It seems to follow necessarily from the legal doctrines already stated, that the wife as *executrix*, merely, could not maintain this action against her husband. It is true, that as the alleged conversion occurred in the lifetime of the testator, the property converted was never assets in the hands of the executors, but the demand for the damages occasioned by the conversion which is the subject matter of the action is assets, and by the common law the acts of the executrix in respect to it, without the concurrence of her husband, are of no validity.

Nor do I perceive that the question is materially varied by the circumstance that she is a *legatee* as well as executrix. It certainly would not be competent for the court, by its judgment in this case, to declare a distribution of the

estate. For any recovery herein the plaintiffs must ultimately account in a proceeding for that purpose. A legatee, *as such*, has no right of action in a case like this. He does not represent the testator. Whatever rights he may have in respect to the estate, can only be enforced in a proceeding against the *executors*.

I do not think it follows that because this action will not lie, the defendant can retain in his hands the goods converted by him without accounting for their value. At the proper time he may be required to account as an *executor;* and if there are any other remedies which may be resorted to against executors conducting themselves in like manner, they may be applied to him.

But if it were true that legatees and creditors will be without legal remedy if this action fails, that consideration should be addressed to the equitable jurisdiction of the court, and cannot aid an action at law, otherwise unsound.

It is suggested in the opinion below, that the action concerns the " separate estate" of the two married daughters of the testator, and may be supported on that ground. If the views already presented are correct, that position also is untenable. The separate estate thus referred to, is the interest of the daughters as *legatees.* Clearly they cannot, on this ground, enforce in their *own right* a demand belonging to the estate. As has already been said, they do not represent the testator. The demand " belongs, primarily," to the executors, and can only be enforced by action, by them.

I am of the opinion that the order of the special term overruling the demurrer to the complaint, should be reversed.

Ordered accordingly.

[MONROE GENERAL TERM, December 1, 1862. *Johnson, James C. Smith* and *Welles*, Justices.]