HARRISON S. DEAN, AS EXECUTOR, ETC., OF SUSAN ROSEBOOM, DECEASED, RESPONDENT, *v.* JEROME B. ROSEBOOM, APPELLANT.

*Action by an executor — when he will not be charged personally with the costs of an unsuccessful action.*

The plaintiff, while the sole acting executrix of one Roseboom, brought this action upon a promissory note made by the defendant to the order of the deceased. After the commencement of the action the defendant, who was also appointed an executor in the will, qualified and set up that fact as a defense thereby procuring a dismissal of the complaint. A judgment dismissing the complaint and for costs was entered in the defendant's favor, and thereafter he moved to have the plaintiff charged personally with the payment of the costs.

*Held,* that the motion was properly denied.

APPEAL from an order of the Jefferson county Special Term denying a motion to charge the plaintiff personally with the costs of this action.

The plaintiff and the defendant were named as executors in the last will of Susan Roseboom, deceased, and both appeared at the probate thereof before the surrogate. The plaintiff took out letters ; the defendant declined to qualify. The defendant had in his possession all the personal property of the testatrix, except certain notes amounting to $400, described in the complaint, which he had executed to the deceased in her lifetime and which had now fallen into the hands of the plaintiff, his co-executor. At the request of the legatees in the will the plaintiff brought this action as executor against the defendant to recover the amount of the notes. After the action was commenced the defendant also took out letters testamentary and set up that fact as a defense to the action. The defense was sustained and judgment in the trial court and on appeal was rendered in favor of the defendant, who, some four years thereafter, made the motion above mentioned, from the order denying which this appeal is taken.

*O'Brien, Emmerson & Ward,* for the appellant.

*Dorwin & Brown,* for the respondent.

HARDIN, P. J. :

Section 1814 cannot be applied in this action, as it was passed after this action was commenced and relates to actions commenced after the passage. This action was commenced April 16, 1879, and the section was not passed until May 6, 1880.

When the action was brought the plaintiff was the sole executor who had qualified to act as such. If the action had continued on that state of facts it might have been maintained. But, instead thereof, defendant, on the 1st of May, 1879, qualified and set up that fact as a defense, and by means of it obtained a holding at circuit and at General Term that an action at law could not be maintained by one executor against a co-executor.

It was the act of the defendant subsequent to the commencement of the action which prevented a recovery at law by the plaintiff. (See opinion of SMITH, J., *Smith* v. *Lawrence*, 11 Paige, 206; *McGregor* v. *McGregor*, 35 N. Y., 221; *Sanford* v. *Sanford*, 45 N. Y., 723; *Hunter* v. *Hunter*, 19 Barb., 632; *Whitney* v. *Coapman*, 39 Barb., 482.)

We cannot say that the plaintiff was guilty of mismanagement or bad faith in bringing the action. It was the subsequent act of the defendant which ousted the court of its jurisdiction in the premises.

In *Olcott* v. *Maclean* (11 Hun, 395) a complaint was dismissed, without costs, where an act of congress had deprived the State court of jurisdiction after action brought. (See S. C., 10 Hun, 277; Code Civ. Pro., §§ 3246, 1836.)

The facts which appeared at the trial as to whether the action was brought, and as to the plaintiff's right then to maintain it, and the subsequent act of defendant in qualifying as an executor were proper to be taken into consideration in determining whether the costs should be paid by plaintiff, " either out of his individual property or out of the property of the decedent." (Sec. 1836.) From the form of the judgment it is reasonable to infer that the court did consider these facts and award a judgment against the estate only. There is no direction in the judgment given by the trial court that they be paid " by the party personally." (Sec. 3246.) It was said in *Tolman* v. *S. B. and N. Y. Railroad Company* (92 N. Y., 327), that section 3246 refers to costs in a final judgment rendered in an action. This action was upon notes payable

to the testatrix, or her order, and had not been indorsed, and they were assets belonging to the estate, and an action in the name of the sole representative of the estate was proper, instead of in the individual name of such representative. This appeal is from an order made upon a motion, made some four years after the entry of judgment.

We are of the opinion that the Special Term was right in denying the motion, and the order should be affirmed, with ten dollars costs and disbursements.

FOLLETT and VANN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.