### PETERS v. SMITH.

(Supreme Court, Trial Term, Erie County. May, 1908.)

EXECUTORS AND ADMINISTRATORS—COEXECUTORS—RIGHT TO SUE—COMMUNITY OF INTEREST.

> An action at law will not lie by one executor or administrator against his coexecutor or administrator because of the community of interest between them; the executor being required to proceed in equity for an accounting, though the case is for an alleged conversion by his coexecutor.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, § 1662.]

Action by Albert A. Peters as executor, etc., of Charles A. Peters, deceased, against Amelia L. Smith, individually and as executrix of Charles A. Peters, deceased. On motion for a new trial on the minutes, after verdict for plaintiff. Granted.

Percy Landsdowne, for plaintiff.
Frank Harding, for defendant.

WHEELER, J. The plaintiff's testator died on September 2, 1906. By his will he appointed the plaintiff and the defendant executor and executrix of his will. Both parties qualified. Two days prior to the

testator's death he drew from the bank $500. Of this sum the defendant claims the testator prior to his death made her a present of $200. The defendant, on the other hand, claims no such gift was made, but that the defendant took and appropriated the $200 to her own use after the testator's death. Each party on the trial gave evidence tending to establish the truth of their respective claims, but the jury rendered a verdict in favor of the plaintiff for the amount in dispute, with interest.

The defendant's counsel, however, contends that, by reason of the peculiar relations of the parties as coexecutors of the testator's will, the plaintiff cannot maintain a common-law action against the defendant to recover the money claimed to have been misappropriated. The complaint demanded a money judgment against the defendant individually, and she was made a defendant as executrix simply because she refused to join the plaintiff in her representative capacity in the prosecution of the action against her. Counsel for the defendant at the opening of the trial and at the close of the plaintiff's case, and later at the close of the entire evidence, moved the court for a dismissal of the complaint on the ground that the plaintiff could not maintain this action against his coexecutrix. The court denied the motion and reserved the decision of the question raised, to be disposed of upon a motion for a new trial on the minutes which the defendant now makes. We are of the opinion that the verdict must be set aside and the complaint dismissed, and that the position taken by defendant's counsel is sound.

This is an action at law, and the rule appears to be that, owing to the community of interest, no action lies by one executor or administrator against his corepresentative at law. McGregor v. McGregor, 35 N. Y. 223; Smith v. Lawrence, 11 Paige, 206; Rogers v. Rogers, 75 Hun, 133, 27 N. Y. Supp. 276; Dean v. Roseboom, 37 Hun, 311; Whitney v. Coapman, 39 Barb. 482; Woerner's American Law of Administration, § 349. The reason for the rule is stated in Smith v. Lawrence, 11 Paige, 206, in which the chancellor said:

"In the common-law courts one executor or administrator cannot bring a suit against his coexecutor or coadministrator to recover a debt which was due from the latter to the testator or intestate, for each has the same right to the possession of the fund which belongs to both as the representatives of the estate of which they are joint trustees, and the effect of a common-law judgment in favor of one against the other would be to give the former the right to issue an execution and transfer the whole fund to his own exclusive possession. A court of equity, however, from its peculiar mode of administering justice can settle the question as to the fact of indebtedness and as to the amount due from one of the executors to the estate of which both are trustees, whenever the decision of this question becomes necessary, without changing the possession of the fund."

This rule appears never to have been departed from, at least so far as the cases in this state are concerned, and to have been applied to cases of alleged conversion of the funds of the estate as set forth in this case. Whitney v. Coapman, 39 Barb. 482.

For these reasons, the verdict must be set aside and a new trial granted. So ordered.