In the Matter of the Estate of ELIZABETH C. SEAMAN, Deceased.

Surrogate's Court, New York County, March (Received April, 1923).

**Surrogates — jurisdiction to determine title to chattels claimed as part of estate — when gift by testator not established.**

Upon an application by two of three executors under section 228 of the Surrogate's Court Act for instruction as to the custody of a diamond ring, pearl necklace, diamond earrings and two brooches alleged to belong to the estate, the third executor while denying possession of or any knowledge concerning the two brooches claimed that testatrix in her lifetime gave him the pearl necklace and the diamond earrings. *Held*, that the surrogate had jurisdiction to try the question of title and determine the validity of the alleged gift.

Though the pearl necklace was specifically bequeathed to one of the petitioning executors, the one who claimed it as a gift from testatrix testified that he sold it and had pawned the diamond earrings which were specifically bequeathed to him by the testatrix. Upon consideration of the testimony, which was consistent, and the provisions of the will, *held*, that no valid gift as claimed by the said executor had been established and that the pearl necklace and the diamond earrings belonged to the estate.

Order granted directing the respondent executor to turn over the pawn ticket for the diamond earrings to the joint control of the three executors pending the filing of any claims against the estate, the respondent to deposit the proceeds of the sale of the pearl necklace in the joint custody of the three executors.

APPLICATION by executors for instructions.

*Carr, Hill & Koenig*, for petitioners.

*Cohen, Rosenthal & Shapiro*, for respondent.

O'BRIEN, S. This is an application under section 228 of the Surrogate's Court Act for an order of the surrogate giving directions as to the custody of property belonging to the estate. The petitioners, John W. Hill and Beatrice K. Brown, are two of the three executors. The respondent, Harry A. Cochrane, is the third executor. The property involved consists of a diamond ring,

pearl necklace, diamond earrings and two brooches. The respondent claims that the testatrix gave him the pearl necklace and diamond earrings during her lifetime, and that, therefore, they are his property. He denies possession or any knowledge concerning the two brooches. The respondent contends as a matter of law that the surrogate is without jurisdiction to try out the question of title involved in this proceeding; and he further asserts that he sold the pearl necklace and pawned the diamond earrings and that in a discovery proceeding the surrogate is without jurisdiction to direct payment over of the proceeds or the delivery of the pawn ticket.

As to the first contention, the answer is that this is not a discovery proceedings, but one under section 228 of the Surrogate's Court Act, and that even if it were, the surrogate has power in such a proceeding to try out the question of title and determine the validity of an alleged gift. *Matter of Van Alstyne*, 207 N. Y. 298; *Matter of Humphrey*, 191 App. Div. 291; *Matter of Canfield*, 176 id. 554; *Matter of Housman*, 224 N. Y. 525.

As to the second contention, while it is true that the Surrogate's Court may not in a discovery proceeding be made the medium for the collection of debts (*Matter of White*, 119 App. Div. 140; *Matter of Appel*, 115 Misc. Rep. 118; *Matter of Denham*, 182 N. Y. Supp. 90; affd., 180 App. Div. 935) this court has jurisdiction to determine the validity of the alleged gift. Cases cited *supra*. The testimony in this proceeding is contradictory, but the weight of evidence appears to be against the claim of the respondent to title to the pearl necklace and the diamond earrings. Furthermore, paragraph 7 of the will makes specific bequests of these articles; the pearl necklace to Beatrice K. Brown and the diamond earrings to the respondent.

Considering all of the testimony and the provisions contained in the will, the court concludes that no valid gift has been established and that the pearl necklace and the diamond earrings belong to the estate. The testimony of the respondent is that he sold the necklace for $500 and pawned the diamond earrings. He is a specific legatee of the diamond earrings and under ordinary circumstances the court might permit his retaining them, were the rights of creditors not involved. He will, therefore, be directed to turn over the pawn ticket for the diamond earrings to the joint control of the three executors pending the filing of any claims against the estate. This not being a discovery proceeding, but one under section 228 of the Surrogate's Court Act, and the surrogate having jurisdiction under that section and section 40 of the Surrogate's Court Act (subd. 3) to direct and control the conduct of executors,

the respondent will be further ordered to deposit the $500, received from the sale of the pearl necklace, in the Mutual Bank in the joint custody of the three executors.   There being no evidence that the respondent has possession of the diamond earrings and the two brooches, no directions as to their custody can be given.

Submit decree.

Decreed accordingly.