In the Matter of the Estate of ABRAHAM L. ERLANGER, Deceased.

Surrogate's Court, New York County, June 5, 1933.

*Isidor J. Kresel*, for the petitioner.

*Max D. Steuer* [*Irving J. Levy* of counsel], for the respondent.

DELEHANTY, S. By petition verified April 1, 1933, petitioner applied to this court for leave to sell certain personal property in his possession inclusive of the property in respect of which determination of title is here sought. Such application was returnable on April 7, 1933, and resulted on May 2, 1933, in an order authorizing the sale of all property other than that concerning which the title is here under consideration. The minutes of the hearing before this court on such application for leave to sell show that respondent definitely took the legal position that she no longer owned the property in question, that it had been converted by petitioner and that he is liable personally for the alleged conversion of it.

On April 20, 1933, an action in the City Court of the City of New York was instituted by respondent herein against petitioner as an individual on a cause of action alleging conversion of this same property. Issue was joined in that action on May 11, 1933. After the initiation of the action in the City Court, but before issue therein was joined, the petition herein was filed and the order to show cause issued. Petitioner asks now an inquiry " respecting the title and right to possession " of the effects and furniture claimed by respondent and located at the time of death of deceased in his apartment. In answer to the petition, respondent asserts that she has " no intention of claiming present title " to the property. She states further " there is no issue between me and the estate as to that property," and she asks accordingly that the petition and order to show cause be dismissed.

The limitations upon the power of the court in respect of inquiry into the title to specific personal property have been pointed out in *Matter of Heinze* (224 N. Y. 1) and *Matter of Hyams* (237 id. 211). While legislation has been enacted which permits pursuit of the proceeds of property of an estate, the fundamental purpose of sections 205 and 206 of the Surrogate's Court Act is to reduce to possession of an estate representative assets alleged to have belonged to deceased. As was said in the cited cases, section 40 of the Surrogate's Court Act does not alter that primary purpose. It follows that the language in *Matter of Heinze* (*supra*) is here applicable. The court there said respecting this type of inquiry

(p. 6): " Its primary purpose is still inquisitorial [citing cases]. Its aim is a discovery which will bring the decedent's assets within the executor's dominion. It does not reach a case where the executor has gained dominion, and the only question is whether he has exercised his dominion rightfully."

Here the temporary administrator has full dominion over the chattels in respect of which he seeks a determination of title. Respondent has on the record denied any intention to question that dominion. In fact she asserts that she will have nothing more to do with the property because, she alleges, the temporary administrator in his individual capacity has acquired title to it from her by his tort of conversion. The temporary administrator is not before the court in his individual capacity. There is, therefore, no issue now to be tried. The proceeding must be dismissed for lack of such issue.

In any event, since the City Court of New York acquired jurisdiction respecting the controversy over these chattels antecedent the commencement of this proceeding, this court should decline to act further herein. (*Matter of Preisendorfer*, 118 Misc. 524.)

Submit decree accordingly.