In the Matter of the Estate of ABRAHAM LANDAU, Deceased.

Surrogate's Court, New York County, June 23, 1937.

William Edelson, for the petitioner.

Aarons & Herbst [Robert H. Aarons of counsel], for the respondent.

DELEHANTY, S. The executor of deceased attempts by discovery process to reach a fund which deceased shortly before his death transferred to a legatee under his will. As petitioner presented his case on the hearing there seems to be no real dispute that deceased intended to make the transfer. There is some suggestion that deceased was defrauded into making it but no proof of fraud in the transfer of title was furnished. Whatever may be the power of the court in some other proceeding it plainly cannot reach the result contended for by petitioner in this discovery proceeding where the sole issue is one of title. The proof establishes that deceased knowingly transferred to respondent title to the fund in controversy.

Petitioner offered to prove that some two weeks before the date of the transfer deceased had determined upon a scheme of distribution of his property partly by will and partly by direct transfer; that deceased in his program of distribution contemplated an equal division among four out of five branches of his descendants; that he actually transferred abroad the ratable share which he intended one of these branches to have; that he drew his will in which he made provision for some charitable gifts and then divided the balance equally among three of his children including respondent; that the share which each was to receive was $2,000 plus a ratable share of any residuary; that the transfer to respondent of the fund in question was procured by respondent as in satisfaction of her rights under the will, the terms of which she knew; that respondent

cajoled and induced deceased to make the transfer on the representation of respondent to deceased that the transaction would satisfy her claims as his legatee; that deceased after the date of the transfer repeatedly declared the purpose for which he made the transfer, such declarations being in conformity with the foregoing recitals; and that respondent perpetrated this fraud upon deceased to obtain not only the fund which is here in controversy but also her legacy under the will or so much of it as the remaining assets of deceased would pay.

So far as declarations of deceased after the date of the transfer are concerned they are plainly inadmissible. (*Marrow* v. *Moskowitz*, 255 N. Y. 219, 222.) Counsel for petitioner argued that the case cited applies only to issues affecting joint accounts. The discussion in *Tierney* v. *Fitzpatrick* (195 N. Y. 433), cited in *Marrow* v. *Moskowitz*, makes it clear that the rule is one of general application. The ruling excluding the tendered proof of such declarations is adhered to accordingly. The rest of the tendered proof is held to be irrelevant on this issue which, it should be repeated, is solely an issue of title. The tendered proof purports only to establish a fraud in the eventual effect which such procurement of title will have upon the testamentary scheme of deceased.

It is conceivable that in an accounting proceeding, where the rights of legatees will be presented directly for determination and where the court has plenary equity power (Compare *Matter of Raymond* v. *Davis*, 248 N. Y. 67, 72), petitioner or any legatee interested in the point may urge the correction of what petitioner asserts to be a fraudulent scheme on the, part of respondent. Decision on the point must await formulation of that issue and the presentation of the alleged proof if the court shall then deem it proper. If the facts now asserted by petitioner are then developed the court will be faced with what seems to be a novel question in the administration of estates. If respondent in the accounting proceeding shall assert any claim to participation in the eventual net assets of the estate the court will then have to determine whether she is estopped to make the claim. That issue is not here, however.

Submit, on notice, decree dismissing this proceeding.