In the Matter of the Accounting of LEONA SCHAEFER et al., as Administratrices of the Estate of GEORGE SCHAEFER, Deceased.

GEORGE SCHAEFER, JR., Appellant; KATIE S. HALL, as Coadministratrix of the Estate of GEORGE SCHAEFER, Deceased, et al., Respondents.

Argued November 29, 1944; decided February 21, 1945.

*Durkes Clark* for appellant. I. The Surrogate, having disallowed the claim against the estate, had no jurisdiction by this proceeding to allow an affirmative judgment in favor of the

estate against the claimant upon an alleged separate and distinct common debt. (*Matter of Underhill,* 117 N. Y. 471; *Matter of Wilson,* 252 N. Y. 155.) II. There is insufficient evidence as a matter of law from which the Surrogate could properly find that the sum of $16,750 was owing to the estate by George Schaefer, Jr., and the decree or judgment against the appellant should be dismissed and the claim of the appellant reheard. If the law gives the Surrogate in an accounting proceeding extra jurisdiction to decide the claim of the estate against a common debtor, it is in violation of the State Constitution. As a matter of law the entire evidence by all parties to these proceedings allows of only one conclusion — that at least some moneys were owed to the claimant by the estate. (*Nay et al.* v. *Curley,* 113 N. Y. 575; *City Bank Farmers Trust Co.* v. *Roosen,* 251 App. Div. 437.)

*Anthony J. Wolf, David S. Konheim* and *Samuel Halpern* for Katie S. Hall, as administratrix, respondent; *Joseph S. Moore,* special guardian and *David S. Konheim, Samuel Halpern* and *Anthony J. Wolf* for Katherine M. Winn, an infant, respondent. I. The Surrogate had jurisdiction to determine the liabilities of the claimant to the estate. (*Matter of Underhill,* 117 N. Y. 471; *Matter of Gurevitch,* 166 Misc. 439; *Matter of Watson,* 215 N. Y. 209; *Matter of Raymond* v. *Davis,* 248 N. Y. 67; *Matter of Adele E. Flint,* 120 Misc. 230.) II. Claimant, by his own letters, confirms that he owes $16,750 to the estate. Other cumulative evidence confirms that claimant owes $16,750 to the estate. A mathematical computation of George Schaefer's alleged claim shows that he has not paid even the monthly guaranty in full.

LEHMAN, Ch. J. The appellant, George Schaefer, Jr., is the son of the decedent. In July, 1938, he verified and filed a claim against the estate alleging that it is indebted to him in the sum of $19,962.20 for moneys paid to the decedent or upon his order. In January, 1940, Katie Schaefer Hall filed a petition for the settlement of the account of her proceedings as administratrix from the date of her appointment to December 31, 1939. She states that she and other children of the decedent claim that George Schaefer is indebted to the estate and she asks that the amount of his indebtedness be determined upon the settlement of her account. Leona Schaefer, a coadministratrix, filed a

separate petition for the settlement of the account of her proceedings for the same period, but she does not join in the claim that George Schaefer, Jr., is indebted to the estate.

At a hearing before the Surrogate, checks of the claimant to the order of the decedent, or which were used for the payment of the decedent's personal or household expenses or in connection with his business enterprises and investments, were produced and received in evidence as proof of the claim of George Schaefer, Jr., against the estate. Evidence was then produced and admitted, intended to prove that the claimant was indebted to the decedent. The decree of the Surrogate adjudges that the claim of George Schaefer, Jr., against the estate is " disallowed on the merits " and that the claim of the estate " against the said George Schaefer, Jr., is hereby allowed in the amount of $16,750."

It appears undisputed that the relations of the appellant, George Schaefer, Jr., to his parents and his sister, Leona Schaefer, were intimate and affectionate. His business dealings with his father were continuous. Obligations of the decedent were frequently paid by the claimant's checks and the decedent undoubtedly at times loaned money or securities to the claimant. Apparently no record was kept of such transactions by either party. Until his marriage in 1931 the claimant lived with his parents and his sister in the family home. A family conclave was held in August, 1931, in anticipation of his marriage. The claimant admitted at that time that he was indebted to both parents and to his sister Leona and it was agreed that before his marriage his obligations to them should be fixed in manner which would be fair to them, but without imposing upon the debtor a financial burden which might be too heavy for a married man to bear.

Accordingly the claimant agreed that all the stock of Whitestone Realty Co., Inc., a corporation which the claimant had formed to hold title to some waterfront property on Long Island Sound, owned and managed by him, should be assigned by him and divided between his father, mother and sister in proportion to the amount which claimant owed to each. The stock was in fact assigned by the claimant and the estate of George Schaefer now holds sixty shares out of a total issue of 100 shares. The remaining forty shares are divided between the estate of Katie

Schaefer, the claimant's mother, and Leona Schaefer, his sister. After the claimant agreed to assign the stock of the corporation, the minute book of the corporation purports to show that a meeting of the stockholders was immediately held at which the " following proposition was presented by the treasurer: ' That George Schaefer, Jr., residing at 137–27 Geranium ave., Flushing, N. Y., be appointed agent for the property owned by this corporation. To collect all rents and to generally supervise the management of the property. To pay to George Schaefer, Sr., $75.00 monthly; to Mrs. George Schaefer, Sr., $60.00 monthly; and to Leona Schaefer $15.00 monthly whether or not this net amount is derived from the property, and in lieu of such consideration to grant to said George Schaefer an irrevocable option to purchase all the assets of this corporation for $26,000.00 payable in cash or satisfactory purchase money mortgage given on the same property or other mortgage satisfactory to the Whitestone Realty Corp.' "

The " proposition " set forth in the minute book is in general accord with the understanding of the parties to the arrangement. It is a fair inference from the testimony that the sum of $26,000 payable under the option represents approximately the amount of the claimant's acknowledged indebtedness to his parents and sister. The serious dispute is whether they intended that the stock assigned by the claimant should be accepted in satisfaction of his indebtedness or whether it was received only as security for such indebtedness. The testimony on that point is vague and unsatisfactory. Undoubtedly they did understand that so long as George Schaefer made the monthly payments of $150 as agreed upon (later reduced to $110) he would have complete control of the property and that he would be entitled to the return of the stock if he paid the sum of $26,000, the approximate amount of his indebtedness. Perhaps, in these circumstances, they were not much concerned with the juristic classification of such an arrangement or other legal consequences which might follow from the classification.

There is no direct evidence that thereafter the claimant became indebted in any further amount to the decedent; but in a memorandum book, in which the decedent was accustomed to write notes on his business transactions, on his relations to his children and his views on ethics and even to copy verses which

he liked, the decedent stated his conclusion that his son, George Schaefer, Jr., owed the sum of $16,750; and in letters and conversations with his brother and sisters, George Schaefer, Jr. also referred to an indebtedness of approximately that amount and stated that he had paid " interest " to the decedent. The finding that the appellant owed $16,750 to the estate is without support in the evidence other than such statements or admissions. They are insufficient for that purpose. The notation of the decedent in his book that George Schaefer, Jr., owed $16,750, and the alleged admissions of George Schaefer, Jr., that such indebtedness exists are plainly open to the construction that they refer to the amount still unpaid upon the original indebtedness of George Schaefer, Jr., which must be paid before he would be entitled to the return of the stock regardless of whether the stock is held as security for that indebtedness or whether it is held subject to an option of George Schaefer, Jr. to demand the return of the stock upon payment of that amount. It would serve no purpose to point out now parts of the record which seem to indicate that neither the decedent nor the appellant used words like " owing " " indebted " and " interest " in accordance with their exact meaning and which indicate, too, that they understood and intended that the so-called " indebtedness " of $16,750 is the amount which the appellant would be required to pay under the so-called " option " in the agreement for the transfer of stock as thereafter modified. Indeed, it is difficult to escape the conclusion that the decedent intended that other adjustments should be made in favor of the appellant. Such words in their setting here are not to be accepted as unequivocal admissions that the claimant George Schaefer, Jr., owes the estate that amount, especially since the stock is included in the account, as settled by the Surrogate, as an asset of the estate and not as security held for the alleged indebtedness. The evidence supports the finding of the Surrogate that the decedent was not indebted to the appellant and that finding must be affirmed. The evidence is insufficient to support the finding that the appellant owes $16,750 to the estate and that finding must be reversed.

The appellant has challenged that finding not only on the ground that it is not supported by the evidence, but also upon the ground that the Surrogate is without power to enforce a

purely contractual obligation. We have held that the Surrogate's Court Act does not confer upon the Surrogate's Court jurisdiction to direct a person, who is not entitled to a share in the distribution of a decedent's estate, to. pay a contractual obligation to the estate. (*Matter of Forrest,* 234 App. Div. 890, affd. 259 N. Y. 553; *Matter of Hammer,* 237 App. Div. 497, affd. 261 N. Y. 677.) The Surrogate's Court has not, however, given such direction here. The court has merely found that the debt exists and is an asset of the estate. We may assume that the court has jurisdiction to ascertain the assets of the estate so far may be necessary in order to enable the court to settle the account of the administratrix. (See *Matter of Underhill,* 117 N. Y. 471.) That is not necessary here for her account shows that the alleged debt never came into the possession of the administratrix and she is not chargeable with that asset. We may assume, too, that before the estate is distributed the court may have jurisdiction to ascertain whether the debt exists and may be set off against the appellant's distributive share in the estate. (See *Matter of Raymond* v. *Davis,* 248 N. Y. 67.) The determination of such questions may, however, be postponed until it appears that the claim of the estate against the appellant can be supported by evidence of greater probative force than the evidence in this record.

The order of the Appellate Division and the decree of the Surrogate's Court should be modified by striking out the provisions allowing the claim of the estate against George Schaefer, Jr., in the sum of $16,750, and as so modified affirmed, with costs to appellant and a single bill of costs to the respondents payable out of the estate, and without prejudice to such appropriate proceedings as the administratrix of the estate, Katie Schaefer Hall, may deem advisable for the ascertainment or collection of such indebtedness.

LOUGHRAN, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Ordered accordingly.