In the Matter of the Estate of HORACE K. HITCHINGS, Deceased. ETHEL C. HITCHINGS, as Executrix of HORACE K. HITCHINGS, Deceased, Respondent; SYRACUSE TRUST COMPANY, Appellant.

Fourth Department, January 16, 1953.

*Cleveland J. Kenyon* for appellant.

*Chester J. Parker* for respondent.

*Arthur W. Wilson* for First National Bank of Marcellus.

*Richard M. Walker* for Kenneth Hines.

*Per Curiam.* Prior to April 11, 1951, there was $44,864 on deposit in the Syracuse Trust Company to the credit and in the account of Horace K. Hitchings estate. The ledger sheet for that month, in the heading, recited: " Released to Ethel C. Hitchings, Executrix Dec. 1, 1950." From December 1, 1950, to April 11, 1951, Ethel C. Hitchings, the executrix, had made many deposits in and many withdrawals from the account

in the conduct of her official duties. On April 11, 1951, the bank without notice to the executrix, appropriated the then balance of $44,864.30 and applied that amount upon account of certain notes held by the bank which represented loans by the bank to the testator. This appropriation is said by the bank to be as of right, the contention being that the bank had a so-called "banker's lien" upon a portion of the account and an equitable lien or equitable title by reason of a constructive trust upon the balance. The bank refused to deliver the $44,864.30 upon demand of the executrix. Thereafter the executrix instituted a discovery proceeding against the bank pursuant to section 205 of the Surrogate's Court Act. The bank answered the petition and claimed it had the right to appropriate the amount on deposit to the credit of the executrix by reason of right of setoff or so-called "banker's lien" and by reason of constructive trust or equitable lien. After a hearing in the Surrogate's Court, an order was made by the Surrogate directing the Syracuse Trust Company to deliver and pay over to Ethel C. Hitchings, as executrix, the said sum of $44,864.30 with interest at 2%. The bank has appealed from this order.

We have examined into the claims of the parties on the merits and we think we may not determine the same but must dismiss the proceeding upon the ground that the Surrogate's Court was without jurisdiction to entertain it. The jurisdictional question was not raised either before the Surrogate or upon this appeal. That fact, however, does not prevent this court from inquiring into the authority of the Surrogate's Court to proceed under sections 205 and 206 of the Surrogate's Court Act. If the subject matter was not within the jurisdiction of the Surrogate's Court, the order made was a nullity. (*Matter of Walker*, 136 N. Y. 20; *Chemung Canal Bank* v. *Judson*, 8 N. Y. 254.) This court, in *Matter of Mathewson* (210 App. Div. 572), cited *Matter of Walker* (*supra*) and said: "Jurisdiction cannot be acquired by acquiescence. * * * And in such circumstances it is our duty to dismiss the proceeding."

The executrix became a depositor of the bank on December 1, 1950, and thereafter and until April 11, 1951, made deposits and withdrawals from the account in the usual manner. The relationship between the bank and Ethel C. Hitchings, the executrix, was that of debtor and creditor. (*People ex rel. Bridgeport Sav. Bank* v. *Barker*, 154 N. Y. 128, 130.) The bank's contract was to pay the depositor upon demand. Upon refusal to do so, the bank was liable to an action at law to collect the deposit and could interpose such defenses, legal or equitable,

as it had. While it has been held that discovery may be used to compel the delivery of a bank account, standing in the name of a decedent and withheld from the representative (*Matter of Jacobsen,* 178 Misc. 479), we think that a proceeding to obtain money in a bank account is an action to collect a debt and not cognizable in a discovery proceeding in Surrogate's Court. (3 Warren's Heaton on Surrogates' Courts [6th ed.], §§ 234, 235 and cases there cited.) Chief Judge LEHMAN in *Matter of Schaefer* (294 N. Y. 24, 30) wrote: " We have held that the Surrogate's Court Act does not confer upon the Surrogate's Court jurisdiction to direct a person, who is not entitled to a share in the distribution of a decedent's estate, to pay a contractual obligation to the estate. (*Matter of Forrest,* 234 App. Div. 890, affd. 259 N. Y. 553; *Matter of Hammer,* 237 App. Div. 497, affd. 261 N. Y. 677.) "

In the case now before us, the executrix was not seeking discovery of property belonging to the testator and which was withheld. There was no property in the name of the decedent which should, by order, be delivered to the executrix. The executrix, herself, was the depositor and creditor of the bank. The money which had been in the name of the testator had already been delivered to her on December 1, 1950, and she had added to the account from other sources of income of the estate. On April 11, 1951, when the bank appropriated the balance to the credit of the executrix, the amount which the bank owed her was definite. There was no need of a discovery proceeding. It is our opinion that in a situation such as is here presented, discovery may not be had to collect the debt owing by the bank to the executrix; that there was no jurisdiction in the Surrogate's Court to entertain the proceeding under sections 205 and 206 of the Surrogate's Court Act.

The order should be reversed and the proceeding dismissed.

McCURN, J. (dissenting). Court decisions to the effect that the Surrogate's Court is without jurisdiction to enforce a claim on behalf of a representative of an estate against a bank for moneys on deposit in the name of a decedent are not, in my opinion, controlling here.

In this case the bank account prior to the transfer of the balance thereof to the bank, was in the name of the executrix. She must eventually account for it. When the bank on April 11, 1951, transferred to itself the entire balance on deposit to the credit of the executrix it acted upon the theory that because of certain underlying facts it became the owner of the fund and

entitled to its possession. The position of the executrix, as shown by her petition, is not based upon the debtor-creditor relationship, but upon the theory that the estate is the owner of the fund transferred from the account and that she, as executrix, is entitled to the possession of it. The bank's answer to the petition asserts that the bank is the owner and entitled to the possession of the money.

Sections 205 and 206 of the Surrogate's Court Act by the terms thereof establish a procedure by which the representative of an estate may apply to the Surrogate's Court for a determination of title and right to possession of money or other personal property as against one claiming such title or right to possession. (See *Matter of Ort,* 217 App. Div. 422, 424; *Matter of Akin,* 248 N. Y. 202; *Matter of Wilson,* 252 N. Y. 155, and *Matter of Jacobsen,* 178 Misc. 479.)

The bank's claim of ownership is inconsistent with and does not rest upon the debtor-creditor relationship. The bank deposit. is no longer in existence and the claim of the executrix is that the bank transferred to itself from the bank deposit, and now holds in its individual capacity, property belonging to the estate and that she is entitled to the possession thereof.

In my view of it, the Surrogate's Court possessed jurisdiction to entertain the proceeding, determine the issues and make a decree thereon. We should accordingly determine the appeal upon the merits. I therefore dissent from the decision which is being made.

All concur except McCurn, J., who dissents in a separate opinion. Present — Taylor, P. J., McCurn, Kimball, Piper and Wheeler, JJ.

Order reversed on the law, with costs to the appellant payable out of the estate and proceeding dismissed.