In the Matter of the Estate of JOHN E. WILSON, Deceased. FREDERICK E. WILSON, as Executor of JOHN E. WILSON, Deceased, Appellant; GEORGE S. LUDWIG et al., Respondents.

*Per Curiam.* This is a discovery proceeding in Surrogate's Court pursuant to sections 205 and 206 of the Surrogate's Court Act.

We are all of the opinion that the jury by its verdict rendered proper answers to the questions submitted. We would accordingly affirm the decree appealed from if convinced that the Surrogate's Court in a discovery proceeding possesses jurisdiction to determine the issues submitted. However, if the Surrogate's

Court lacked jurisdiction of the subject matter, the decree is a nullity even though the parties acquiesced in the proceeding (*Matter of Walker*, 136 N. Y. 20, 30; *Matter of Mathewson*, 210 App. Div. 572; *Matter of Mondshain*, 186 App. Div. 528; *Matter of Hitchings*, 281 App. Div. 202).

Question No. 1 submitted to the jury relates to moneys coming into the possession of respondents Ludwig as proceeds of land installment contracts belonging to the decedent over the period from August 9, 1949, until July 27, 1950. It is claimed by the respondents that such proceeds were used to defray the expenses of the decedent during his illness.

Question No. 2 relates to the sum of $163.51, representing moneys on the person of the decedent when he became ill on August 9, 1949. Respondents likewise claim that this sum was expended by them in payment of expenses incurred during decedent's illness.

Question No. 5 relates to whether or not the respondent George S. Ludwig wrongfully obtained the sum of $500 from the decedent on August 26, 1949. Respondent Ludwig admits receiving such sum in the form of a check made payable to him by decedent but claims that it was given to him for use in defraying expenses of decedent, and that he used it all for that purpose. It will be seen that the question of what moneys, if any, belonging to the decedent remaining in the hands of the respondents Ludwig can be determined only upon an accounting.

Question No. 3 submitted to the jury involves a determination as to whether or not the respondents Ludwig owed a balance of $1,200 on a loan of $2,000 made by the decedent to the Ludwigs in December, 1947.

Question No. 8 involves a determination as to whether the respondents, George F. Whipple and Alice G. Whipple, are indebted to the decedent in the sum of $1,985 representing a balance allegedly unpaid on a land contract and loan from the decedent.

Questions Nos. 3 and 8 involve, therefore, the collection of an alleged debt from the respondents to the decedent.

The remaining questions are as follows:

Number 4. Did George S. Ludwig wrongfully obtain the sum of $100 from the decedent, John E. Wilson, in December, 1949?

Number 6. Did Bessie M. Ludwig wrongfully obtain the sum of $75 on or about May 18, 1950, from the decedent, John E. Wilson?

Number 7. Did Bessie M. Ludwig wrongfully obtain the sum of $75 on or about July 13, 1950, from the decedent, John E. Wilson?

Number 9. Did Alice G. Whipple wrongfully obtain the sum of $1,200 from the decedent, John E. Wilson, on or about May 26, 1949?

The Surrogate's Court is not a court of general jurisdiction. While it has complete power to determine any controversy lawfully before it, it can exercise that power only under some statutory provision therefor and in one of the particular cases authorized by the Legislature (*People ex rel. Safford* v. *Surrogate's Court*, 229 N. Y. 495, 497; *Cooper* v. *Davis*, 231 App. Div. 527, 529).

While a representative of an estate may proceed under sections 205 and 206 of the Surrogate's Court Act to gain possession of specific moneys or a particular fund belonging to a decedent, we find no authority for an accounting in such a proceeding to determine the balance, if any, owed to the estate (see *Matter of Carey*, 11 App. Div. 289; *Matter of Lowen*, 95 Misc. 421, 425, affd. 175 App. Div. 895). Likewise, the Surrogate's Court lacks jurisdiction in a discovery proceeding for the collection of a debt (*Matter of Hitchings*, 281 App. Div. 202, *supra*, and cases cited).

The sums of money involved in questions numbers 4, 6, 7 and 9 above referred to are the proceeds of checks issued by the decedent in his lifetime and delivered to the respondents. On the face of it, at least, the amounts represented by the checks are no part of the decedent's estate. They represent completed transactions long since past. If these transactions were tainted with fraud or undue influence the executor is not without a remedy — he may proceed by action. We do not think that a discovery proceeding is intended as a substitute for such a cause of action.

In our view of it the Surrogate's Court lacked jurisdiction to determine the issues presented in this discovery proceeding. Without such jurisdiction the decree should be reversed and the proceeding dismissed.

. All concur. Present — McCurn, P. J., Vaughan, Kimball, Piper and Van Duser, JJ.

Amended decree reversed on the law and proceeding dismissed, without costs of this appeal to any party. [See 285 App. Div. 859.]