opinion of the court
C. Raymond Radigan, J.
The motion to dismiss this discovery proceeding presents the somewhat novel question of whether one executor can commence a proceeding to recover assets in the possession of a coexecutor. My predecessor, Surrogate Bennett, declined to entertain such a proceeding in Matter of Matheron (207 Misc 1061), primarily because of the common-law theory treating coexecutors as one and the inability to conceptualize an entity suing itself in actions at law, but apparently allowing it in equitable actions. For this reason, the court concluded that it should decline jurisdiction in a discovery proceeding and remit the parties to an accounting where it had full equitable jurisdiction. It is time to re-examine that premise.
Advancements since made in the practice of this court upon the adoption of the Bennett Commission recommended Surrogate’s Court Procedure Act, which replaced the former Surrogate’s Court Act, have de-emphasized the compartmentalized approach so prevalent under the old practice. SCPA 202 authorizes the Surrogate to entertain any piece of jurisdictional business found to be within the court’s subject matter jurisdiction, regardless of the procedural form in which the matter may first appear.
*267 Notwithstanding the entity theory, a number of jurisdictions have permitted discovery proceedings to be maintained against personal representatives by specific statutory authority (33 CJS, Executors and Administrators, § 155). The Model Probate Code permits a discovery proceeding to be brought against “any person” and the commentaries specifically note that “any person” includes a personal representative (Simes, Problems in Probate Law, p 137). While SCPA 2103, providing for discovery, does not specifically authorize the maintenance of discovery against a corepresentative, neither does it prohibit such a proceeding. Moreover, since a fiduciary may be held responsible for the acts of his cofiduciary (Matter of Rothko, 43 NY2d 305), it is inconsistent to withhold from him the means of protecting himself and the estate and redressing wrongs (2 Woerner, American Law of Administration [3d ed], § 349). For all of the above reasons, the motion to dismiss this proceeding is denied. Any abusive use of a discovery proceeding by one fiduciary against his cofiduciary can be controlled by the court through its entertainment powers.
In addition, the respondent complains of the failure of the petitioner to tender the required witness fee on the service of the order to show cause commencing this proceeding. A discovery proceeding may now be commenced alternatively by the issuance of a citation to the respondent if the petitioner does not seek an inquisitorial examination. It appears from the petition that the coexecutor is in full possession of all of the relevant facts concerning the transfer of bank accounts from the decedent into joint accounts with the coexecutor and his alleged withdrawals both before and after the decedent’s death. Accordingly, there apparently being little occasion for an inquisitorial examination, the failure to tender a witness fee can be disregarded. The respondent is directed to file his answer within 20 days of service of the copy of the order to be made.